No. 34,194

FRANK KNIGHT, *Appellant,* v. C. M. HACKETT et al., *Appellees.*

(87 P. 2d 505)

Opinion filed March 4, 1939.

*Riley W. MacGregor, H. Hobble, Jr., Leaford Cushenbery,* all of Medicine Lodge, *J. N. Tincher* and *Clyde Raleigh,* both of Hutchinson, for the ap-pellant.

*Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Sidney J. Brick, Lawrence Curfman, William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley* and *Milton Zacharias,* all of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action against two defendants for dam-ages growing out of an automobile collision. From an order of the court sustaining demurrers to plaintiff's second amended petition he appeals.

The defendant C. M. Hackett operates a truck as a licensed carrier. The defendant The Travelers Mutual Casualty Company is the insurance carrier for Hackett. The defendant The Fast Re-frigerator Lines, Incorporated, is also a licensed carrier, and the defendant The Casualty Reciprocal Exchange is the insurance car-rier for that defendant.

In his first cause of action plaintiff asks damages for the death of his wife; in the second for injuries to himself, and in the third for the damage done to his automobile—a total of $30,800.

Plaintiff in his second amended petition alleged:

"Plaintiff further states and alleges that on the 14th day of April, 1936, about 3 p.m. of said day, he was driving his 1930 Dodge sedan south on highway No. 81 between Wichita and Wellington. That he was accompanied in the automobile by his wife, Rhoda Knight. That when plaintiff reached a point approximately twenty miles south of the city of Wichita, and while he was driving on a paved road, he came up behind a Chevrolet stock truck owned and operated by the defendant, C. M. Hackett, which truck was pro-ceeding in the same direction as the plaintiff. That the plaintiff followed said stock truck for a distance and that said stock truck was at that time driving on his own and right side of the pavement. The plaintiff started to pass the above-described stock truck and pulled out to the left side of the pavement. That when he had reached a point when he was approximately even or directly east of the stock truck, that the said stock truck, being driven by the defendant, C. M. Hackett, without any warning or signal pulled over to the east side of the pavement or to the left, and that to avoid a collision with the said stock truck the plaintiff had to pull his car off the pavement on the east or left side where he was forced by the act of the de-fendant, C. M. Hackett. That there was a ditch and ridge on the left or east side of said pavement, and that when plaintiff's car was forced off of the pavement by the defendant, C. M. Hackett, said car hit the ditch and ridge, and said car was thereupon thrown back onto the highway to the west side where it crashed into and struck a truck owned and operated by the defend-

ant, The Fast Refrigerator Lines, Incorporated, which truck bore Kansas license tag No. 2668.

"Plaintiff alleges that said truck, belonging to The Fast Refrigerator Lines, Incorporated, was parked negligently and unlawfully on the west side of said pavement a short distance in front of the point where plaintiff's car was forced into the ditch and ridge, and that when plaintiff's car struck the truck parked on the traveled portion of said highway it was thrown into the ditch and upset and smashed and damaged.

"Plaintiff alleges further that when his car was overturned all the loss and damage sustained was sustained by reason of the concurrent negligent acts of the said defendant, C. M. Hackett, and the defendant, The Fast Refrigerator Lines, Incorporated, as will be hereinafter set out in detail.

"That the defendant, C. M. Hackett, was negligent in that he pulled over to the left or east side of said pavement without any signal or warning to plaintiff, although plaintiff was driving along side of said defendant while attempting to pass said stock truck. That defendant either did not have a rearview mirror as provided by law, or that defendant negligently failed to use said mirror and thus ascertain that plaintiff was driving alongside of defendant. That said defendant was also negligent in that he was not keeping a lookout for other vehicles, other than his own, on said highway.

"Plaintiff alleges that the defendant, The Fast Refrigerator Lines, Incorporated, was concurrently negligent with the defendant, C. M. Hackett, in that said defendant's truck was parked on said pavement on the traveled portion thereof, contrary to the laws of the road, and that the act of the defendant in parking said truck on said highway created a dangerous and hazardous condition on said highway, since said highway is one where there is very heavy traffic, and with many vehicles traveling on it. That the defendant, The Fast Refrigerator Lines, Incorporated, was also negligent in that they were not using ordinary care and having due regard for the rights of others who might be using said highway by parking said truck on said highway."

Defendants filed a motion to make plaintiff's first amended petition definite and certain. This motion was in part sustained and in part overruled. Thereafter plaintiff filed his second amended petition as above quoted. The sufficiency of the petition is therefore subject to critical scrutiny. (*State Highway Comm. v. American Mut. Liability Ins. Co.*, 146 Kan. 187, 70 P. 2d 20.)

First, Did the petition state a cause of action against The Fast Refrigerator Lines, Incorporated? The allegation of negligence against this defendant is that its truck was parked on the pavement on the traveled portion thereof contrary to the laws of the road; that it created a dangerous and hazardous condition on the highway, since there was heavy traffic on the highway, and that the Refrigerator Company was not "using ordinary care and having due regard for the rights of others."

As the accident occurred prior to the comprehensive automobile act of 1937, the only statute in effect regulating traffic was G. S.

1935, chapter 8. Whether the driver of the truck was negligent in stopping the truck on the pavement would depend upon the circumstances. (*Waltmire v. Ford,* 147 Kan. 732, 78 P. 2d 893.) A naked allegation that the truck was stopped or parked on the pavement does not charge the driver with any negligent act or omission. His conduct might be consistent with that of any prudent person who pays reasonable regard to the safety of others.

The demurrer of The Fast Refrigerator Lines, Incorporated, and its insurance carrier was properly sustained.

Did the petition state a cause of action against Hackett?

The plaintiff, driving south on highway No. 81 in a Dodge sedan, came up behind a truck owned and operated by the defendant Hackett which was traveling in the same direction. The truck was on the right side of the pavement. After following the truck "for a distance" the plaintiff, in attempting to pass the truck, pulled out to the left side of the pavement. When he had reached a point about even with the truck, the driver of the truck, without any warning or signal, pulled over to the east or left; to avoid a collision plaintiff had to pull his car off the pavement on the east or left side, where he was forced by the act of the defendant. Plaintiff's car struck a ditch or ridge on the left side of the pavement and was thrown back onto the highway to the west side, where it crashed into the refrigerator car which was parked on the pavement. The negligence charged against Hackett, the owner and operator of the truck, is that he pulled over to the left or east side of the pavement without any signal or warning to plaintiff; that he either did not have a rear-view mirror as required by law, or, if he had a mirror he negligently failed to use it and ascertain that plaintiff was driving alongside of the truck; also, that defendant was negligent in not keeping a lookout for other vehicles on the highway.

The defendant Hackett asserts the petition fails to state a cause of action against him; that he was faced with an emergency (*Barzen v. Kepler,* 125 Kan. 648, 266 Pac. 69); that he was compelled to pull to the left far enough to clear the refrigerator car parked on the pavement; that there is no allegation that he pulled to the left farther than was necessary to make the clearance. He further claims that it was the duty of the plaintiff to sound his horn as required by our statute G. S. 1935, 8-123, to warn Hackett of his intention to pass. Defendant relies on *Watkins v. Byrnes,* 117 Kan. 172, 230 Pac. 1048, where the second paragraph of the syllabus reads:

"Where two vehicles are traveling in the same direction and the rear driver

gives a signal that he desires to pass and there is not room for passage on the left, it is the duty of the driver of the front vehicle, if practicable and safe, to turn aside so as to leave room on the left for passage, but he is not necessarily negligent if he does not so turn where he does not hear the signal nor know of the purpose to pass or where it is not practicable and safe to turn aside when the signal is given."

Also, in *Stilwell v. Faith*, 142 Kan. 730, 736, 52 P. 2d 635, where it was said:

"A motorist in a hurry has no absolute right to require all other cars ahead of him to get out of his way. The others have exactly the same rights as himself. Much depends on the condition of the road, the weather and the congestion of traffic. And even where a slower motorist refuses to steer far enough to the right to give another motorist an opportunity to pass when requested to do so by a timely sounding of the horn, the remedy for such discourtesy is not that of driving ahead to pass regardless of such a consequence as happened in the case at bar."

We are clear, however, that as against a demurrer the petition states a cause of action against Hackett. Our statute, G. S. 1935, 68-152e, provides:

"Every vehicle to which this act applies shall be equipped with a mirror so located as to reflect to the operator a view of the highway for at least two hundred feet to the rear."

In *Cathcart v. Dunn*, 146 Kan. 193, 197, 69 P. 2d 698, in commenting on this statute, it was said:

". . . Obviously, the purpose of the statute is to have the truck so equipped that the driver can see cars which endeavor to pass. If the truck was so equipped, the driver paid no attention to it, neither did he even look to see whether there was a car beside his truck and attempting to pass. . . ."

The plaintiff was under no legal duty to anticipate that Hackett, intending to turn in front of him, would fail in his duty to indicate by proper signal or warning, in ample time, that he intended to turn to the left, instead of proceeding in his same lane of travel. (5 Am. Jur. 658.)

The judgment of the trial court in sustaining the demurrer of The Fast Refrigerator Lines, Incorporated, and its insurance carrier, The Casualty Reciprocal Exchange, is affirmed. The judgment of the trial court in sustaining the demurrer of the defendant Hackett and his insurance carrier, The Travelers Mutual Casualty Company, is reversed.

ALLEN, J. (dissenting): I think the demurrer was properly sustained as to both causes of action.

I am authorized to state that Mr. Justice HOCH concurs in this dissent.