No. 36,463

Irene Kinderknecht, *Appellee*, v. Eugene Hensley, doing business as The Wichita Plumbing and Heating Company, *Appellant.*

(164 P. 2d 105)

Opinion filed December 8, 1945.

*Paul R. Kitch,* of Wichita, argued the cause, and *Homer V. Gooing, Howard T. Fleeson, Wayne Coulson* and *Manford Holly,* all of Wichita, were on the briefs for the appellant.

*Laurence S. Holmes,* of Wichita, argued the cause, and *George J. Hondros,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an action against a gas company and a plumber to recover damages for injuries sustained as the result of a gas explosion. The appeal presents the propriety of the trial court's order in overruling the defendant plumber's demurrer to allegations of the petition charging that his negligence in igniting gas caused the explosion which resulted in the injuries suffered by the plaintiff.

While we are not here concerned with allegations of the petition respecting liability of the gas company or the plumber, Hensley—hereinafter in the interest of brevity referred to as the defendant—for alleged negligence in the construction of a gas service line, the petition relates the story required for a full and complete understanding of the issue raised by the appeal about as briefly as it can be told. For that reason it will be quoted at length.

Allegations of such pleading so far as they relate to facts and circumstances relied on for recovery read:

"1. That the plaintiff is a resident of Wichita, Sedgwick County, Kansas, and her correct post office address is 1642 Salina Street, Wichita, Kansas.

"2. That the Defendant, Eugene Hensley, is a resident of Wichita, Sedgwick County, Kansas, and that he is engaged in the plumbing business doing business under the firm name and style of the Wichita Plumbing and Heating Company.

"3. That the Defendant, the Consolidated Gas Utilities Corporation, is a corporation duly organized and authorized to do business in the state of Kansas with its place of business located at 411 Beacon Building, Wichita, Kansas.

"4. That on or about July 9, 1943, the defendant, the Consolidated Gas Utilities Corporation, was furnishing gas to the premises located at 1642 South Salina Street in Wichita, Kansas. That on that day the Plaintiff became aware of the fact that there was gas escaping on or about the premises at 1642 Salina Street in Wichita, Kansas. That immediately thereafter the Plaintiff's husband notified the Consolidated Gas Utilities Corporation that there was gas leaking somewhere on or about the premises located at 1642 Salina Street.

"Plaintiff further alleges that said Defendant, the Consolidated Gas Utilities Corporation, was notified by her husband J. J. Kinderknecht, by telephone and such notice was given to the Service Department of said defendant corporation; and that said defendant corporation, upon being notified of said gas leakage on or about the premises on which this Plaintiff was living, negligently and carelessly failed and refused to ascertain the cause of said gas leakage or to shut off the service line of said gas and failed to do anything whatsoever to protect the person and property of this Plaintiff. That the valves and gate on the service line, leading into the Plaintiff's property are also under the full control and custody of this Defendant; and upon being notified of the leak upon said premises of this Plaintiff, the said Consolidated Gas Utilities Corporation made no effort whatsoever to shut off the service to these premises.

"Plaintiff further alleges that as a result thereof Plaintiff called the Wichita Plumbing and Heating Company which is owned and operated by the Defendant, Eugene Hensley. That the Defendant, Eugene Hensley, instructed this plaintiff to shut the gas off at the meter and shut off all burners and pilot lights in the house and open the windows and said he would be out and make

an examination of the plumbing on the premises and this Plaintiff followed these instructions.

"*That the said Defendant, Eugene Hensley, on or about 6:00 o'clock on July 9, 1943, while making an inspection of the premises located at 1642 Salina Street, negligently, carelessly and recklessly ignited gas fumes in the basement of said premises causing a violent explosion and severely burning and injuring this Plaintiff as hereinafter alleged.*

"*Plaintiff states that the exact manner and circumstance under which said explosion occurred is unknown to this Plaintiff but is within the full and sole knowledge of the Defendant, Eugene Hensley. That a leak in the service pipe leading into the meter on the above described premises allowed gas to accumulate on the premises where this Plaintiff was living.*

"That all the plumbing work including the service line on these premises was constructed by the Defendant, Eugene Hensley, and his employees and that the same was done in a negligent manner.

"That the negligence of the Defendant, the Consolidated Gas Utilities Corporation, in failing to shut off the gas at the service main together with the negligence of the Defendant, Eugene Hensley, as heretofore alleged were the sole and proximate causes of the damages sustained by this Plaintiff." (Emphasis ours.)

On examination of the allegations of the petition as quoted, even though not separately stated and numbered, it is evident plaintiff bases her right to relief so far as defendant is concerned upon two separate and distinct causes of action. One is founded upon the theory that he was liable because of negligent construction of a gas service line some time prior to the date she suffered injury, and the other is predicated upon the premise of negligence in the ignition of gas fumes on the day the explosion occurred.

After this pleading had been filed defendant presented a motion to make it more definite and certain with respect, first to negligence relied on as a basis for recovery in the ignition of gas, and second, negligence permitting recovery for defective construction of the service line. This motion was overruled as to the first ground and sustained on the second. With the latter we are not concerned nor will we hereinafter make reference to it except to say defendant now concedes that when an amended petition was filed additional allegations pertaining to construction of the service line were sufficient to state a cause of action. The all-important point is that no attempt was made to amend allegations challenged in the first ground of the motion and that the amended petition when filed contained the identical averments to be found in the original pleading as to alleged negligent ignition of gas and the plaintiff continues to rely on them for recovery. So, in our consideration of this appeal

it must be kept in mind that the quoted allegations of the petition, which we have underlined for purposes of emphasis, are the same as those to be found in the amended pleading filed after the original one had been motioned.

To the amended petition the defendant filed a special demurrer the averments of which were that its allegations with respect to ignition of gas by him as alleged therein did not constitute a cause of action and that such allegations should be stricken therefrom. This demurrer was overruled by the trial court. Thereupon the defendant appealed.

From what has been related it becomes immediately apparent the sole question presented for review is whether the amended petition states facts sufficient to constitute a cause of action against defendant for negligence in igniting gas. We proceed on that premise and our consideration of the rights of the parties is limited strictly to its decision.

In the determination of such a question it must be conceded at the outset that the mere fact an accident—in this case an explosion—occurs and injury results is not sufficient to establish liability. It is elementary law in Kansas that before a plaintiff can recover in an action predicated upon negligence he must both *allege* and *prove* the negligence of the defendant which was the proximate cause of the injury for which recovery is sought. (*Zinn v. Updegraff*, 113 Kan. 25, 213 Pac. 816, and *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 58 P. 2d 77.)

Likewise, so frequently decided and so well established in this jurisdiction that it too can be said to be almost elemental, is the proposition that when timely motions resisted by a plaintiff are leveled against a petition and overruled by a trial court, and thereafter its legal sufficiency is tested by a demurrer, the allegations thereof are no longer entitled to a liberal interpretation but must be strictly construed with the view the plaintiff has pleaded all that he can that is in his favor. (See *Lorton v. Henderson*, 159 Kan. 697, 705, 158 P. 2d 373; *Sanik v. Shryock Realty Co.*, 156 Kan. 641, 135 P. 2d 545; *Gibson v. Bodley*, 156 Kan. 338, 133 P. 2d 112; *Mead v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711; *Lofland v. Croman*, 152 Kan. 312, 103 P. 2d 772; *Knight v. Hackett*, 149 Kan. 492, 87 P. 2d 505 and *State Highway Comm. v. American Mut. Liability Ins. Co.*, 146 Kan. 187, 70 P. 2d 20.) While it is true a general demurrer brings into issue the force and effect of the petition as a

whole, and most of the decisions just cited deal with such a situation, the same rule prevails and is equally applicable where, as here, the pleader having failed to separately state and number his causes of action, certain allegations of his pleadings relied on as sufficiently stating one cause of action or ground of recovery are specifically pointed out and challenged by a special demurrer the averments of which contain the essential attributes of both a demurrer and a motion to strike.

What then is to be said for allegations of the petition which, as has been heretofore stated, have been underlined for purposes of emphasis? No useful purpose would be served by, nor does necessity exist for, their restatement. The underlined language speaks for itself. Briefly stated, appellant's position is that in view of the circumstances and conditions heretofore related the allegations of negligence therein found are so general that under our decisions his special demurrer should have been sustained.

That appellant's contention is well founded is evidenced by our decisions. In the early case of *A. T. & S. F. Rld. Co. v. O'Neill*, 49 Kan. 367, 30 Pac. 470, this court enunciated the rule to which it has consistently adhered throughout the years. There it was held:

"If the petition contains but a general allegation of negligence, it is subject to a motion requiring it to be made more definite and certain, and it is error for the court to overrule a proper motion presented for that purpose." (Syl. ¶ 2.)

Later, in the case of *Knight v. Hackett*, 149 Kan. 492, 87 P. 2d 505, the principle was approved and stated thus:

"In an action for damages growing out of an automobile collision, a petition which fails to state any specific facts showing negligence on the part of defendant where defendant's motion to make definite and certain was resisted and overruled is subject to demurrer." (Syl. ¶ 1.)

Still later in *Munger v. Beiderwell*, 155 Kan. 187, 124 P. 2d 452, where the subject was directly involved it was again adhered to and reaffirmed when we said:

"In response to the motion leveled against the seventh amended petition the trial court struck general allegations of negligence contained in various paragraphs of that petition. The ruling did not constitute error. General allegations of negligence are sufficient as against a demurrer when not challenged by motion to make definite and certain, but they are not sufficient when previously so challenged. (*A. T. & S. F. Rld. Co v. O'Neill*, 49 Kan. 367, 30 Pac. 470; *St. L. & S. F. Rly. Co. v. French*, 56 Kan. 584, 44 Pac. 12; *Neosho County v. Spearman*, 89 Kan. 106, 130 Pac. 677; *Kirkland v. Railway Co.*, 104

Kan. 388, 179 Pac. 362.) The same rule applies with equal force to general allegations of contributory negligence. (*Price v. Water Co.*, 58 Kan. 551, 558, 50 Pac. 450; *Kirkland v. Railway Co.*, supra, p. 392.)" (p. 187.)

It should perhaps be here noted all parties agree the doctrine of *res ipsa loquitur* is not applicable to the facts as pleaded, and that if the involved allegations of the petition state a cause of action at all it is upon the theory of negligence of the defendant as therein specified.

Appellee recognizes the force and effect of the decisions to which we have just referred but advances the proposition there should be read into the doctrine an exception to the effect that where the facts of an accident are within the sole and peculiar knowledge of the defendant general allegations of negligence are to be regarded as stating a cause of action notwithstanding. She frankly concedes she has made search but has been unable to find any Kansas decision upon the exact point. We are inclined to believe her efforts failed to exhaust all possibilities. Let us see.

*Munger v. Beiderwell,* supra, is a case where a landlord had instituted an action against his tenant to recover damages resulting from the destruction of a barn and contents by fire. The plaintiff contended he was not present and did not know what caused the fire but that defendant was present and knew, or should have known, what caused it. True, plaintiff's claim was that his petition was sufficient under the doctrine of *res ipsa loquitur,* but this court expressly stated no such facts or circumstances were alleged and held the petition was predicated upon a theory of specific negligence. In disposing of just such a contention as is here advanced this court said:

"Assuming, for the moment, the respective causes of action were actually pleaded in separate counts, appellant was, nevertheless, obliged to plead the substantive facts concerning the negligence upon which he relied. He could not plead such negligence in general terms when properly and timely challenged by motion. . . . Appellant urges it is never necessary to narrate the evidence but only to plead the substantive facts. True, but general charges of negligence do not constitute the pleading of substantive facts." (p. 189.)

So, also, in *Waddell v. Woods,* 158 Kan. 469, 148 P. 2d 1016, the petition alleged:

"'Plaintiff further says that the giving of X-ray treatment under the circumstances alleged herein is such a highly skilled and specialized art and science that he has no knowledge of what is proper technique and method and manner of giving and applying said treatment, and for that reason is unable to

set out in detail or in substance the negligence of the defendant which were the approximate results of said injury, with this exception: That among the acts of negligence was the delegation of said work to a person unknown to this plaintiff and who was not a physican and surgeon and otherwise not qualified, as plaintiff is informed and verily believes and, therefore, states the fact to be without additional and further knowledge which is not available to him.'" (p. 470.)

Here again it was contended the petition stated facts sufficient to warrant application of the doctrine of *res ipsa loquitur*. Nevertheless, after rejection of that theory and when the question then was whether general allegations of negligence were sufficient it was held, even though lack of knowledge was relied on as justifying their use, there was no sufficient allegation of negligence to withstand a demurrer to the petition and in the opinion it was stated: "The mere fact the pleader said the act was one of negligence did not make it so."

In our opinion, the decisions just referred to are determinative of appellee's theory that general allegations of negligence will suffice in the stating of a cause of action when bolstered by averments to the effect the facts are not within the knowledge of the pleader and preclude its adoption. It should be added that without benefit of such decisions as precedential guides our conclusion would be the same. Applicable portions of G. S. 1935, 60-704, provide:

"The petition must contain . . .

"Second: A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

Substitution of bare conclusions for facts is not contemplated by the statute just quoted, and to permit that action in the manner, and under the conditions suggested by appellee would do violence to the mandate therein clearly expressed.

Once again, having established principles to be applied in its construction, we turn to consideration of the petition. When strictly construed, and stripped of general allegations in the nature of naked conclusions, as it must be, we find it simply states appellant ignited gas fumes in the basement of appellee's premises causing a violent explosion. That statement of fact standing alone does not charge the appellant was guilty of any negligent act or omission. For all the petition discloses, his conduct in that regard might have been entirely consistent with the action of a prudent plumber who was exercising due care in the making of a careful and proper inspection

of the appellee's premises. As we have seen, the fact an accident happens or an event occurs in which injury results is not sufficient to establish liability (*Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102; *Zinn v. Updegraff,* supra, and *Stroud v. Sinclair Refining Co.,* supra. The same reasoning which impels that conclusion requires the additional one that a petition revealing such a situation, coupled with a bare allegation that it resulted from ignition of gas by a defendant, does not state a cause of action. Proof of the substantive facts as pleaded would not even permit rendition of judgment against the appellant. It follows the trial court erred in overruling his special demurrer.

The judgment is reversed.

SMITH, J. (dissenting): I find myself unable to agree with the conclusion reached by the majority. Briefly stated, this petition alleged that the defendant was engaged in the plumbing and heating business; that he was advised as to the gas leaking into plaintiff's basement and undertook to advise the plaintiff as to the proper steps to be taken immediately and stated that he would be out and make an examination of the plumbing. All this was what an ordinary, reasonable man would do under the circumstances. The obligation assumed by the plumbing company was what an ordinary, reasonable man would expect the plumbing company to assume. Certainly not to ignite the gas which he had been advised was in the basement.

The next allegation was that instead of finding the leak or taking steps to correct it he set fire to the gas which he had been advised was in the basement. I do not think it makes a particle of difference how he set fire to it. The point is he knew it was there and set fire to it. In my opinion, the allegation stated a cause of action and the demurrer was properly overruled.