No. 37,475

PEARL MARIAN SNYDER, *Appellant,* v. FRANK N. McDOWELL, et al., *Appellees.*

(203 P. 2d 225)

Opinion filed March 5, 1949.

*Walter A. Raymond,* of Kansas City, Mo., argued the cause, and *Frank F. Eckdall,* of Emporia, and *Homer A. Cope,* of Kansas City, Mo., were with him on the briefs for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for personal injuries. Defendants' demurrer to plaintiff's petition was sustained and she has appealed to this court.

Omitting allegations not material to our inquiry, it was alleged in the petition that defendants McDowell, Diamond and Adams were engaged in the sale of automobiles, trucks and implements at 1809 Washington St., Parsons, Kan., and that defendants Kanitz and Kanitz owned the property where the business was maintained, and that McDowell, Diamond and Adams rented from Kanitz and Kanitz the first floor of the premises which consisted of a two-story brick building with apartments on the second floor; that for many months prior to April 14, 1945, plaintiff's husband maintained a repair shop in the above premises in a space provided by McDowell, Diamond and Adams under an agreement for division of profits; that in connection with their business McDowell, Diamond and Adams maintained a sales and display room in which were located

a number of chairs and a settee for the convenience of their customers, as well as other persons lawfully upon the premises, and that prior to April 14, 1945, plaintiff upon many occasions had visited the sales and display room and had waited a short time in the seats provided for customers as well as other people there at the invitation of the defendant owners. It was further alleged that on April 14, 1945, plaintiff entered the sales and display room and, in accordance with her usual custom, seated herself in one of the seats therein; that at that time she was accompanied by her son and another person; that while she was so seated McDowell, Diamond and Adams, through their duly authorized agent requested her son to run an errand and while the son did so she remained seated in the sales and display room, "and while said premises including the second floor thereof was under the sole management and control of each and all of the defendants herein, due to the negligence and carelessness of each and all of the defendants, a portion of the ceiling of said sales and display room fell on plaintiff, as a direct and proximate result of which plaintiff received severe permanent and progressive personal injuries." Then follow allegations as to injuries sustained and expense incurred, and a prayer for damages. We here note that the allegation quoted above is the only reference to negligence or any act that might be construed to be negligent contained in the petition.

Defendants filed a motion to strike certain allegations of the petition and also a motion to make definite and certain, which included therein that the allegations be made more specific, definite and certain by stating specifically what negligence, if any, defendants or any of them were guilty of and what control defendants exercised over the second floor of the premises. Both motions were overruled and the demurrer followed. As has been stated, that demurrer was sustained and plaintiff's appeal followed.

In a preliminary way, appellant directs our attention to the general rule that the allegations of a petition, when tested by a demurrer, are to be taken as true, the pleader being entitled to all favorable inferences that may be drawn from the facts pleaded, citing recent cases where that rule is stated. Appellee directs our attention to other recent cases holding that where motions to make definite and certain are proper but through the efforts of the adverse party are denied, a rule of strict construction is to be applied against the motioned allegations. The latter rule is applicable.

See *Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105, and cases cited.

In her brief appellant states three questions: (1) Did her petition state a cause of action for negligence? (2) Did the petition state facts showing prima facie that she was invitee to whom defendants owed the duty of ordinary care? (3) Did she state a case under the doctrine of *res ipsa loquitur?* In her argument she presents no separate discussion of the first question.

Although considerable space in the briefs is devoted to a discussion whether under the allegations of the petition the plaintiff was an invitee, as contended by her, or a licensee as contended by the defendants, in view of what is later said it is not necessary that we discuss or decide that question.

Directing attention to the allegation charging negligence quoted above, and to the fact that plaintiff successfully resisted defendants' motion to have that allegation made more definite and certain, it is to be observed that plaintiff is not now entitled to a liberal construction of her pleading. Perhaps a complete answer to appellant's contention would be that a general allegation of negligence will not withstand a demurrer when the allegation has been challenged by a motion to make definite and certain (*Kinderknecht v. Hensley,* supra, and cases cited therein). By whatever standard may be applied however, it is clear there is no allegation of any ultimate fact which plaintiff must prove to entitle her to recover, but only a conclusion. Although the question has been presented under varying circumstances this court has repeatedly held that the mere fact that there was an accident or other event and someone was injured is not of itself sufficient to predicate liability; that negligence is never presumed, but must be established by proof; that like any other fact, negligence may be proved by circumstantial evidence, but the circumstances relied on must be of such nature and so related one to the other that the only reasonable conclusion to be drawn is the theory sought to be established; that a fact is not proven by circumstances merely consistent with its existence, and that a finding of negligence must be established by competent proof and cannot rest on mere conjecture. See *Hendren v. Snyder,* 143 Kan. 34, 41, 53 P. 2d 472; *Crowe v. Moore,* 144 Kan. 794, 797, 62 P. 2d 846; *Miller v. Gabbert,* 154 Kan. 260, 266, 118 P. 2d 523; *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102; *Kokenge v. Holthaus,* 165 Kan. 300, 309, 194

P. 2d 482; and *Wills v. Lehigh Portland Cement Co.*, 165 Kan. 546, 195 P. 2d 574, and the cases cited in the above.

Plaintiff contends she stated a cause of action under the doctrine of *res ipsa loquitur*, and directs our attention to cases involving falling objects (*Potter v. Rorabaugh*, 83 Kan. 712, 112 Pac. 613; *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599) and to other cases where the doctrine was under consideration (*Woods v. Kansas City, K. V. & W. Rld. Co.*, 134 Kan. 755, 8 P. 2d 404, and *Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra). In only the first and last cases mentioned are we advised as to the pleadings. In the Potter case it was alleged that the awning which fell was insecurely fastened and was maintained in violation of a city ordinance. In the Stark case the appeal was based on the sufficiency of the petition. In that opinion is a discussion of the doctrine and its application which need not be repeated here. The essential element lacking in the petition turned on allegations respecting sole and exclusive control and management by defendant of the instrumentalities which produced or caused the injury. Neither of those two cases is decisive here.

Passing for a moment the question of sufficiency of any allegation of negligence and the question of misjoinder of parties, which was not raised by the demurrer and is not argued, we repeat in summary manner the allegations that the defendants Kanitz own the building and rent the first floor to the other defendants, and that there are apartments on the second floor of the building, by whom they are occupied not being alleged. It is then later alleged "while said premises including the second floor thereof was under the sole management and control of each and all of the defendants herein," a portion of the ceiling fell. Just how the owners and the tenants could all be in exclusive control is a little difficult to perceive, and as to one group of defendants as compared to the owner it may well be said the petition fails to disclose a clear and definite theory.

Returning to the question of negligence, it is noted that plaintiff has not pleaded that the defendants or any of them committed any act which violated any duty they owed her, she has not pleaded the omission by them to perform some act, performance of which would have prevented injury to her; she has not pleaded any circumstances that, related one to the other, established any reasonable conclusion that any act or omission of the defendants or any of them resulted in injury to her; there is no allegation leading to any conclu-

sion that the defect in the ceiling, if there was one, was observable by due care, or that if not observable, that any defendant failed in any duty he may have had to make proper inspection and remedy the defect. All that is pleaded is that there was an accident and that she received an injury. Under the cases heretofore cited wherein the doctrine of *res ipsa loquitur* was under consideration, that is not sufficient.

The trial court's ruling on the demurrer is affirmed.

ARN, J., not participating.