No. 37,794

MAURICE D. MARTIN, *Appellee*, v. NATIONAL MUTUAL CASUALTY COMPANY, a corporation, CHARLES W. TRUEBLOOD and E. H. DICKE, *Appellants*.

(217 P. 2d 1055)

Opinion filed May 6, 1950.

*I. H. Stearns,* of Wichita, argued the cause, and *E. P. Villepigue,* of Wichita, was with him on the briefs for the appellants.

*John F. Eberhardt,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter, Thomas E. Woods,* and *Robert C. Foulston, Jr.,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries to person and property sustained in a collision of motor vehicles. From a judgment in favor of plaintiff the defendants appeal.

For our purposes the pleadings are summarized.

In his petition plaintiff alleged that the defendant Dicke was the owner of a 1941 Chevrolet truck operating under Kansas corporation commission permits; that the truck was covered by a liability insurance policy issued by the defendant casualty company; and that at all times mentioned the truck was driven by the defendant Trueblood as the agent, servant and employee of Dicke. It was further alleged that on May 29, 1947, at about 8:30 p. m., plaintiff was driving his automobile south on Highway No. 75 at a point

about two miles south of Carbondale, at which time and place the truck and the automobile collided; that unknown to the plaintiff the truck owned by Dicke and driven by Trueblood had proceeded south on the highway to the point above described; that the truck had a high, flat bed and there was deposited on the bed a haybaler obscuring any lights or reflectors upon the truck and extending over the sides of the bed of the truck, contrary to law; that the highway was a paved highway approximately eighteen feet in width and at the point above mentioned there was a culvert or concrete bridge; that it was dark at the time the collision occurred; that the truck approached the culvert or bridge; that there was automobile traffic approaching from the south; that there was not room for the other traffic to pass the loaded truck upon the bridge and Trueblood stopped the truck immediately north of the bridge or culvert and directly upon the highway; that the driver did not place any flares behind the truck; that immediately to the north of the bridge or culvert was a knoll or rise in the highway and as plaintiff approached he was unable to see until his automobile passed over the knoll or rise and until the lights of his automobile came down to the level of the highway; that the northbound traffic was at that time passing the parked truck and the lights of the northbound vehicles made the vision of the plaintiff difficult and that it was impossible to see the truck parked on the highway without lights and with the protruding load thereon; that the truck and its load were of dark and dirty color and that the bed of the truck was above the normal level of the headlights of the automobile which plaintiff was driving; that after plaintiff came over the knoll the truck was so close he was unable to stop and by reason of the northbound traffic was unable to turn to the left to miss the truck, and that he drove into the rear of the truck causing the injuries and damages set forth. It was alleged in the petition that defendants were guilty of negligence in seven particulars, but we notice only the charges that defendants were negligent in parking the truck upon the paved slab after nightfall in violation of the state law, and in failing to pull the truck and its load off the paved highway.

The defendants answered by admitting their status, denying generally and alleging the collision occurred solely through the negligence of the plaintiff in driving his automobile into the rear of the truck, in operating his automobile at a high and dangerous rate of speed of fifty miles per hour, in driving at such a rate of speed that

he was unable to stop within the range of vision of his lights, in failing to stop in time to avoid the collision and in operating his automobile without regard to the occupancy of the highway immediately in front of him and in such manner as to endanger the life and limb of persons on the highway.

Plaintiff's reply was a general denial.

At the trial plaintiff introduced evidence in support of his allegations. Defendant's demurrer to that evidence was overruled and the trial proceeded. The jury returned a general verdict in favor of the plaintiff and answered special questions submitted as follows:

"1. Do you find the Defendants, or either of them, guilty of negligence which was the proximate cause of the injuries? A. Yes.

"2. If you answer the foregoing question in the affirmative, then state in what such negligence consisted? A. Stopping on the highway.

"3. State the length of time Defendants' truck was stopped at the time of the collision. A. Momentarily.

"4. State whether or not the lights on the rear of Defendants' truck were burning immediately prior to the collision. A. The lights were burning.

"5. State the rate of speed at which Plaintiff was traveling at the time of the collision. A. 40 or 45 miles per hour.

"6. State whether or not there was any projection hanging down from the haybaler which obscured the lights on the rear of the defendants' truck from approaching Plaintiff's view. A. Projection did not obscure lights from Plaintiff.

"7. State how far Plaintiff was from Defendants' truck before Plaintiff saw same. A. 40-45 feet.

"8. If you find for Plaintiff, then state how much you allow for:
"(a) Damage to auto.........................................$1250.00
"(b) Loss of earnings.......................................... 300.00
"(c) Loss of schooling......................................... 725.00
"(d) Loss of personal property................................. 109.96
"(e) Doctor & Hospital bill.................................... 107.00
"(f) Pain and suffering........................................ 2000.00"

Defendants filed their motion to set aside the answers to spec'al questions 1, 2 and 8, their motion for judgment on the answers to the special questions notwithstanding the general verdict, and their motion for a new trial. These several motions were all denied and defendants perfected their appeal to this court.

Appellants' specifications of error covering the rulings on their demurrer to plaintiff's evidence and on their post-trial motions are discussed in their brief under five headings.

Appellants' first contention is that there was no evidence that Trueblood was guilty of negligence. This argument is predicated on testimony that as loaded on the truck the haybaler made an over-all

width of about ten feet and nine inches, the overhanging portion extending about two feet and nine inches on the right side of the truck; that Trueblood testified that he was not quite sure whether the load would clear the concrete side of the culvert or bridge and he slowed up and waited until vehicles approaching from the south had passed, as the lights from them interfered with his vision. Although not mentioned by appellants in their argument there was testimony that the culvert or bridge was twenty-four feet between the sides thereof and that the shoulder on the west side of the highway was wide enough to permit a car to be driven from the paved portion of the highway onto the shoulder. The gist of appellants' argument is that any driver with a wide load would slow down on approaching a bridge to avoid meeting oncoming traffic, and that is what Trueblood did, and reference is made to his further testimony that at the time of the collision he was not quite sure his load would clear the concrete side of the bridge, and our attention is directed to *McCoy v. Fleming*, 153 Kan. 780, 113 P. 2d 1074, where this court considered the force and effect of G. S. 1947 Supp. 8-570, which provides that no person shall stop, park or leave standing any vehicle upon the paved part of the highway when it is practical to stop, park or leave such vehicle off such part of the highway, and to the latter portion of that section that it should not apply to the driver of any vehicle which is disabled while on the paved portion of the highway in such manner and to such an extent that it is impossible to avoid stopping. In that case it was held that one who, by reason of road conditions there set forth, was compelled to stop did not violate the statute and could not be said, as a matter of law, to be guilty of negligence. As was said in that opinion what the statute denounces is voluntary stopping and not stopping where such is compelled.

In the case at bar it is clear that Trueblood voluntarily stopped his truck on the pavement, he did not drive to the shoulder as he might have done, nor did he proceed as he might safely have done except for his fear that his truck, the load width of which was beyond the statutory limit (G. S. 1947 Supp. 8-5,114), might strike the side of the bridge. We cannot say, as a matter of law, that Trueblood was not guilty of negligence in stopping where he did. The jury found by its general verdict that he was guilty of negligence as a matter of fact.

Appellants next direct our attention to decisions to the effect that a finding of specific negligence absolves the defendant from all other

acts of negligence pleaded. (See *Haley v. Kansas City Public Ser. Co.,* 154 Kan. 477, 119 P. 2d 449, and cases cited, and see *Brittain v. Wichita Forwarding Co.,* 168 Kan. 145, 211 P. 2d 77, as to rule between general and special findings.) That such is the rule is not debatable. The gist of the argument is that the jury, by its answers to special questions, did find that the negligence found was "stopping on the highway"—"momentarily," but that it did not find Trueblood failed to pull his truck off the highway when it became necessary to stop, and that there is no finding that he had time to do anything other than he did, in support of which *Knight v. Hackett,* 149 Kan. 492, 87 P. 2d 505, is cited. In that case it was held that a naked allegation that the truck was stopped or parked on the pavement did not charge the driver with any negligent act or omission. As is pointed out in the opinion, the accident there involved occurred prior to the enactment of our uniform act regulating traffic on highways, now appearing as G. S. 1947 Supp., Ch. 8, Art. 5, and that whether the driver was negligent in stopping the truck on the pavement would depend on the circumstances. The statute now in effect, G. S. 1947 Supp., 8-570, prohibits stopping on the pavement of the highway, except under conditions there set forth, and the jury, which was not interrogated specially about circumstances warranting application of the exception in the statute, by its general verdict found there were no exceptions. Further than that, the whole circumstances, both from the viewpoint of the plaintiff and from that of the defendants, were disclosed to the jury, and it resolved such conflicts as there were in the evidence in favor of the plaintiff. There is a thread of argument that the ground of negligence found was not one pleaded, but we think that contention may not be sustained.

Appellants also contend that the evidence disclosed that plaintiff was guilty of negligence which contributed to his injuries and damage. The argument seems to be that because lights were burning on the rear of the truck plaintiff was negligent in running into it. Appellants recognize that plaintiff testified his vision was obscured by bright lights of oncoming traffic, but they argue this is not to be considered as the jury made no finding in this regard. No such special question was submitted. The general verdict imports a finding favorable to the plaintiff. In addition the appellants ignore the testimony about the knoll or rise in the highway a short distance to the north of the scene of the collision, and that the contour had

the effect of obscuring the truck until about the time the lights of oncoming traffic interfered with plaintiff's vision. All of the attendant circumstances have to be considered in determining whether as a matter of law this court may say that plaintiff was guilty of contributory negligence. We think those circumstances were such that the question was one of fact and not of law.

Appellants' further contentions that counsel for plaintiff was guilty of misconduct prejudicial to the rights of the defendants by reason of his closing argument, and that the trial court was guilty of such abuse of discretion, as influenced and prejudiced the jury in favor of the plaintiff grow out of a single incident and will be discussed together. During the course of plaintiff's closing argument, his counsel stated to the jury that there was an insurance adjuster. in the courtroom and that he had had a conversation with him relative to the trial of the case. Defendants objected for the reason there was no evidence on the point and they moved the court to instruct the jury that such remarks were prejudicial to the defendants and to disregard the same. Plaintiff's counsel then volunteered a remark that, "They are a party defendant with a policy here, he admits that, your honor." The trial court overruled the motion and did not admonish the jury.

Although appellee attempts in a manner to justify what was said and done, it is clear that counsel's remarks pertained to matters not in evidence, went beyond the limit of fair argument, were improper and should not have been made. When the objection was made the trial court should have admonished counsel and should have directed the jury to disregard the improper statements and argument. Although we must disapprove what was done, it does not follow there must be a reversal. Before that result is to follow it must appear that the unoffending party was prejudiced. At no place in their brief do the appellants contend that the amount of the verdict or any of its parts as set forth in the answer to special question 8 is excessive or not sustained by the evidence, and our own examination of the record does not disclose anything from which it may be concluded that the jury was biased or prejudiced by the occurrences just mentioned. We are admonished by the code to disregard irregularities which do not appear to have prejudicially affected the rights of the party complaining (G. S. 1935, 60-3317), and that is the situation presented by the present record.

It follows that the judgment of the district court should be affirmed, and it is so ordered.