No. 38,117

INA MATHEWS, by her next friend, C. D. MATHEWS, *Appellee,* v. HERSHEL COOK, *Appellant.*

(226 P. 2d 849)

Opinion filed January 27, 1951.

*Wayne Coulson,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Dale M. Stucky,* and *Donald R. Newkirk,* all of Wichita, were with him on the briefs for the appellant.

*Joe T. Rogers* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for an alleged assault and battery. The appeal is from an order of the court overruling defendant's demurrer to the petition.

The pertinent portion of the petition reads:

"That on November 14, 1949, the defendant invited this plaintiff to permit him to take her to her home, stating that he was going over near to such home for the purpose of playing tennis; and that she got into his car; and that instead of taking her home he drove into the west park, drove his car off the highway and committed an assault and battery upon this plaintiff; . . ."

It was further alleged that by reason thereof plaintiff was shocked and rendered nervous, to her damages in the sum of $500, for which plaintiff prayed judgment, and for the additional sum of $2,000 exemplary damages.

To this petition defendant moved the court for an order requiring plaintiff to make her petition definite and certain by stating the facts from which she draws the conclusion that an assault and battery was committed and to set out specifically and in detail the actual damages she sustained. This motion was resisted by plaintiff and overruled. Defendant then filed a demurrer to the petition upon the ground that it fails to state facts sufficient to constitute a cause of action. This demurrer was overruled.

A demurrer to the petition never admits naked conclusions, but only facts well pleaded. (*Richards v. Tiernan,* 150 Kan. 116, 91 P. 2d 22.) Since the plaintiff successfully resisted the motion the petition should be strictly construed against plaintiff. (*Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105; *Snyder v. McDowell,* 166 Kan. 624, 203 P. 2d 225, and cases cited therein.) Our Statute (G. S. 1935, 60-704) reads:

"The petition must contain: . . . *Second.* A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

The general rule applicable here is well stated in 4 Am. Jur. 193, as follows:

"The petition or complaint in an action for assault and battery must allege all the facts constituting the alleged assault or trespass."

And in 6 C. J. S. 835, the general rule is thus stated:

"The complaint must set forth facts sufficient to constitute a cause of action.

"In accord with the general rules of pleading . . . the declarations or complaint in an action of assault or assault and battery must set forth facts sufficient to constitute a cause of action, including the fact of the assault in such manner as to be readily understood by defendant. . . .

"A mere averment of an unlawful assault is but the statement of a legal conclusion;"

These general authorities cite cases in support thereof.

Counsel for appellee rely heavily upon the case of *Lonergan v. Small,* 81 Kan. 48, 105 Pac. 27. The opinion in that case quotes facts alleged in the petition covering more than half a page in the printed report. Hence, it is not an authority supporting his contention that the petition in this case is sufficient.

We have examined the other authorities cited and find that none of them is in point to support the ruling of the trial court. The result is the ruling appealed from should be reversed with directions to sustain the demurrer.

It is so ordered.