No. 39,233

DOUGLASS SNYDER by PAUL L. SNYDER, his father and next friend,
*Appellant,* v. ADAM HAAS, JR., and GOLDIE HAAS, *Appellees.*

(267 P. 2d 467)

Opinion filed March 6, 1954.

*John K. Dear,* of Kansas City, argued the cause, and *David W. Carson,* of Kansas City, was with him on the briefs for the appellant.

*Edward H. Powers,* of Kansas City, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries. Defendants' demurrer to plaintiff's second amended petition was sustained, and he has appealed to this court.

Plaintiff, a minor, alleged in his second amended petition (hereinafter referred to as petition), through his father and next friend, that defendants were owners and in possession of an apartment building in Kansas City. The building was divided into apartments for use and occupancy by different families and separately rented by defendants for such purposes. Defendants rented an apartment in the building to plaintiff's parents who occupied it with plaintiff as their residence. Defendants maintained a central steam heating system consisting of a furnace, pipes and radiators, which radiators were located in the apartments of the various tenants throughout the building for the benefit of these tenants, the same being under the supervision and control of the defendants. They furnished steam heat to the apartment occupied by plaintiff through a series of pipes which were connected to the furnace and radiators. Defendants negligently and carelessly permitted that part of the radiator where the safety valve connects into the radiator, and the safety valve itself, to become so worn and out of repair that the safety valve could no longer be screwed tightly into the radiator which was located in the back or south room occupied by plaintiff. Defendants were

careless and negligent in their failure to inspect the radiator and safety valve and permitted them to become so worn and defective that they could no longer be fitted tightly together. Defendants by the exercise of reasonable care in making inspection of their heating equipment could have discovered the unsafe condition caused by the defective radiator and safety valve. On April 10, 1951, because of the carelessness and negligence of defendants as aforesaid, the safety valve on the radiator located in the back or south room of the apartment occupied by plaintiff and his family, blew out and became loose from the steam radiator, causing a great amount of steam to escape; that the plaintiff was standing a short distance from the radiator and the escaping steam caused him to be severely burned. Plaintiff suffered personal injuries and prays for damages.

To this petition, defendants moved the court for an order requiring plaintiff to make his petition more definite and certain by stating the facts from which he drew the conclusion that the heating system was under the supervision and control of the defendants, especially the radiator in plaintiff's apartment, and the period of plaintiff's tenancy. This motion was successfully resisted by the plaintiff, and overruled. Defendants then filed a demurrer to the petition upon the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff's appeal followed. A demurrer to a petition never admits naked conclusions but only facts well pleaded. (*Mathews v. Cook*, 170 Kan. 462, 226 P. 2d 849.) Since the plaintiff successfully resisted the motion to make definite and certain, the petition should be strictly construed against plaintiff. (4 Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 33, 35; West's Kansas Digest, Pleading, § 34[4].)

A general allegation of negligence will not withstand a demurrer when the allegation has been challenged by a meritorious motion to make definite and certain, the allegation no longer being entitled to a liberal interpretation but must be strictly construed with the view the plaintiff has pleaded all that he can that is in his favor. (*Snyder v. McDowell*, 166 Kan. 624, 626, 203 P. 2d 225; *Kinderknecht v. Hensley,* 160 Kan. 637, 640, 164 P. 2d 105.)

Defendants concede that where the landlord retains within his control a part of the premises which is for the use and benefit of different tenants, and which is necessarily in the possession and control of the landlord, he is required to exercise reasonable care to

render it safe for the use which he invites others to make of it (*Given v. Tobias*, 137 Kan. 58, 19 P. 2d 472), but contend this rule is not applicable here for the reason that plaintiff's parents were the only tenants using the valve in the mentioned radiator, and the only persons having control and possession of the radiator in plaintiff's apartment. The petition fails to disclose in what manner defendants were negligent. It contains no facts concerning defendants' control over the valve or the radiator, but merely conclusions. There are no allegations showing possession and control over and use of the radiator in common with other tenants, of a contract to repair, of concealment of a defect, ineffective or negligent repair, notice to defendants of any defective condition, or that defendants had any duty or right to enter plaintiff's apartment for the purpose of making any inspection or repair, or that any recent inspection had not been made.

We are unable to determine from an examination of plaintiff's petition upon what facts or theory he seeks to recover damages. The petition when strictly construed and stripped of general allegations in the nature of naked conclusions, does not contain sufficient facts on which to base a cause of action against defendants, and the demurrer to the petition was properly sustained.

The judgment is affirmed.

SMITH, J., dissents.