THE STATE OF KANSAS, *ex rel. D. C. Lewis, County Attorney*, v. ELI P. WILLIAMS.

1. CONTRACT — *Cancellation — Fraud — Specific Facts to be Stated.* Where fraud and illegality are charged as grounds for the cancellation of a contract, the specific facts constituting the fraud and illegality must be set forth. A mere general averment of fraud and illegality, without stating the facts on which the charge is based, presents no issue, and no proof is admissible thereunder.

2. ACTION *to Cancel Contract — Consideration Paid to be Repaid.* In general, a party cannot maintain an action to set aside a contract on the ground of irregularity or fraud, unless the consideration received upon such contract is first paid or tendered back.

*Error from Pratt District Court.*

ON July 10, 1885, the county attorney of Pratt county instituted an action in the district court against *Eli P. Williams*, and the petition filed contained the following allegations:

| 39 | 517 |
| 39 | 656 |
| 39 | 517 |
| 45 | 478 |
| 39 | 517 |
| 48 | 502 |
| 39 | 517 |
| 56 | 541 |
| 39 | 517 |
| 63 | 26 |

"D. C. Lewis, county attorney of Pratt county, Kansas, who sues for the state of Kansas, in this behalf comes now here and gives the court to understand and be informed, that the state of Kansas was, on the 13th day of October, 1884, the owner in fee simple of the following-described lands and tenements, situate in the county of Pratt, state of Kansas, to wit, the south half of section 16, township 28 south, of range 15 west; that on the said 13th day of October, 1884, the then county clerk of Pratt county, without authority of law, executed and issued to one Eli P. Williams a certificate of purchase for said land, therein reciting that upon the payment of the amount of the purchase-money therein stated, the said Eli P. Williams would be entitled to a patent to said land; that said land is a part of the land granted by congress of the United States to the state of Kansas for school purposes; that there was a pretended petition presented to the superintendent of public schools of Pratt county, Kansas, on the 23d day of November, 1883, praying that said land be exposed for sale; that the pretended petition presented to said superintendent of public schools of Pratt county, Kansas, on the 23d day of November, 1883, praying that said land be exposed for sale, and upon which said certificate of purchase is pretended to have been issued, was not signed, made nor presented by a sufficient number of householders of the township in which such land was and is situate to authorize the appraisement and sale of said land; that of the persons joining in the said petition, and whose names are appended thereto, only seventeen at that time were legal householders of the township in which said land was and is situate, to wit, the township of Naron, county of Pratt, state of Kansas; that on the 7th day of December, 1883, the then superintendent of public schools of Pratt county, Kansas, appointed appraisers to appraise said tract of land; that the persons so appointed by the superintendent of public schools for appraisers of said lands were not appointed by and with the consent of the board of county commissioners of said county in the manner provided by law, and were not at the time disinterested householders of said township, county and state; that there was a pretended appraisement of said land made on the 11th day of December, 1883, and returned by said appraisers; that the pretended appraisement returned by the said appraisers made on the 11th day of December, 1883, was not made in the manner prescribed by law, and was not made of each legal subdivision of said land separately and at its real value; that the certificate of purchase so issued on

the 13th day of October, 1884, to Eli P. Williams by the then county clerk of Pratt county, Kansas, for the south half of section 16, township 28 south, of range 15 west, is further illegal, fraudulent and void in this: that said land was unlawfully advertised for sale, and unlawfully offered for sale, and unlawfully sold by the then county treasurer of Pratt county, Kansas.

"Wherefore, said plaintiff, the state of Kansas, prays judgment against said defendant, Eli P. Williams, and that said certificate of purchase issued to the defendant herein on the 13th day of October, 1884, for the south half of section 16, of township 28 south, of range 15 west, in Pratt county, Kansas, be ordered delivered up, canceled and held for naught; and for costs of suit, and for such other relief as may be just and equitable in the premises."

After the issues were joined and the case called for trial, at the April term, 1886, the court sustained an objection to the introduction of any testimony on the part of the state, upon the ground that the petition did not state facts sufficient to constitute a cause of action. The plaintiff failing to amend its petition, the action was dismissed; and error is assigned here upon these rulings.

*S. B. Bradford,* attorney general, and *E. A. Austin,* for The State.

*Simpson, Bowker & Travis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The sale of school lands sought to be set aside in this action does not depend upon a settlement or upon the improvements made thereon by the purchaser. The only specific facts alleged in the petition as grounds for invalidating the sale are, that the petition presented to the county superintendent requesting him to cause a sale of the land was not sufficient, and that proper appraisers were not appointed. It is said that of the persons whose names were appended, only seventeen were at the time of presentation legal householders of the township in which the land is situate; and also that the appraisers were not at the time of their appointment disinter-

ested householders.    These are substantially the same defects that were alleged against the petition and appraisement in the recently-decided case of *The State, ex rel., v. Dennis,* ante, p. 509; and much of what is there said applies here.    It is not alleged in the case at bar that the officers who passed upon the petition, and who appointed the appraisers, were actuated by any fraudulent or improper motives; nor is it alleged that the state suffered any injury or loss by reason of the irregularity set forth.    It is true that there were general charges of fraud and illegality, but the facts upon which the charges are based are not stated.    It is alleged that the certificate is fraudulent in this, "that said land was unlawfully advertised for sale, and unlawfully offered for sale, and unlawfully sold by the county treasurer of Pratt county, Kansas."    The pleader did not undertake, however, to state, and we are unable to learn from the petition, wherein the advertising, offering for sale, and sale of the land were defective or fraudulent.    There are other charges of illegality in the petition, but there are no accompanying facts to inform the court in what the illegality consists.    Allegations of fraud and illegality, without a statement of the facts constituting the same, are mere

1. Fraud charged;
specific facts
to be stated.

legal conclusions and of no force in a pleading. No issue is presented by such averments, and no proof is admissible thereunder.  (*L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kas. 169; *Clark v. Dayton,* 6 Neb. 192; *Pelton v. Bemis,* 44 Ohio St. 51; *Ockendon v. Barnes,* 43 Iowa, 615; *M. & C. Rld. Co. v. Neighbors,* 51 Miss. 412; *Smith v. Lockwood,* 13 Barb. 209; Bliss, Code Pl., §§ 213, 334; Pom. Rem., § 530.)

Treating these general averments as surplusage, no wrong is imputed to either the purchaser or to the officers.    It is not claimed that the defendant participated in the proceedings preliminary to the sale, or that he had any knowledge of the alleged defects therein.    The several officers intrusted with the authority and duty of determining upon a sale and in conducting the same are presumed to have performed their duty honestly and faithfully until the contrary is alleged and shown.

They are required to keep a record of their official acts, and in the absence of any allegation to the contrary it will be presumed that the records were regular and did not impart any notice of irregularity or fraud to the purchaser.    Aside from this it is not alleged that the plaintiff has returned or offered to return the amount received upon the contract sought to be annulled.    The state cannot retain the benefits of a business transaction like this one, and at the same time repudiate it as null and void.    A party seeking to set aside a contract must pay or tender back all that has been received as consideration on such contract.    Failing to restore the consideration paid is an additional reason why the plaintiff's action must fail. (*Jeffers v. Forbes*, 28 Kas. 174; *The State, ex rel., v. Dennis*, ante, p. 509.)

2. Action to cancel contract —consideration paid to be repaid.

The judgment of the district court must be affirmed.

All the Justices concurring.