### LONG BROTHERS v. GEORGE E. HUBBARD.
#### No. 125.

1. ERRORS WAIVED — *by filing amended petition.* When the plaintiff files an amended petition, all alleged errors committed prior thereto are waived by him.

2. AMENDED PETITION — *supersedes original petition.* An amended petition becomes and must be treated as the original petition. A summons, order of arrest, and subsequent judgment, must be considered the same as if the amended petition had been filed at the time the original petition was filed.

3. AFFIDAVIT OR BOND FOR ORDER OF ARREST — *insufficient, order should be set aside.* If either the affidavit or the bond given to procure the issuance of an order of arrest by the clerk of the district court is insufficient, the clerk has not power to issue such an order, and it should be set aside.

4. SECTION 114 OF CODE—*does not apply.* The provisions of section 114 of the Code do not apply to affidavits for an order of arrest.

5. SURETY—*bank cannot become.* Becoming surety upon undertakings is no part of the business of a bank, and the unauthorized act of its president in signing an undertaking for a bank does not bind the bank in case of liability.

6. DECISION OF COURT—*correct, not set aside because wrong reason given.* If the ruling of the trial court is correct, such ruling will not be set aside because the court gives an incorrect reason therefor.

Error from Pawnee District Court. Hon. S. W. Vandivert, Judge. Opinion filed November 19, 1897. *Affirmed.*

*Peters & Nicholson,* for plaintiffs in error.

*W. H. Vernon,* for defendant in error.

DENNISON, P. J. On December 27, 1888, the plaintiffs commenced an action in the District Court of Pawnee County, Kansas, against George E. Hubbard, by filing therein a paper purporting to be a petition, and causing a summons to be issued and served upon said Hubbard.

On March 9, 1889, an affidavit of M. E. Haseltine, agent of the plaintiffs, was filed in said court, and a bond was filed, signed by Long Brothers by M. E. Haseltine, agent, as principals, and the Larned State Bank by Clark Gray, president, as surety, and an order of arrest was issued upon which the defendant, George E. Hubbard, was arrested. He gave a bail bond and was released. On January 9, 1892, the attorney for the defendant presented to the court a telegram from the defendant stating that he was sick and unable to attend court, and he also presented a physician's certificate corroborating the statements made in the telegram, and asked for a continuance until the

next term of court.   The court refused to grant the
continuance, and, on January 11, 1892, the cause was
heard by the court in the absence of the defendant in
person, although the record shows that he appeared
by his attorney.   The court heard the evidence of
the plaintiff, rendered judgment against Hubbard for
$1,344 and interest, and decreed that the order of
arrest be sustained ; and the sheriff was ordered to
commit the said Hubbard to the jail of Pawnee
County, and hold him until he should satisfy said
judgment and be discharged according to law.   The
bondsmen were given thirty days to deliver the said
Hubbard to the sheriff.   At the April term, 1892, of
said court, the defendant filed a motion to set aside
and vacate the judgment and order of arrest for the
reasons, *first*, that the pretended petition filed in said
cause does not state any cause of action upon which a
judgment could be rendered ; *second*, that no affidavit
as required by law was filed in said cause, and no
bond was given and executed by plaintiffs as required
by law before the arrest of said defendant.

On April 28, 1892, the court sustained the motion
to set aside the judgment, but took no action upon
the motion to set aside the order of arrest.   The
plaintiffs were allowed to file an amended petition,
and the cause was continued until the next term of
court.

On May 18, 1892, the plaintiffs filed their amended
petition.   The defendant answered the amended peti-
tion, denying the jurisdiction of the court because no
service had been made upon said defendant subse-
quently to the filing of the amended petition.

On January 6, 1893, the court took up the motion
of the defendant asking that the order of arrest be
vacated and set aside, and on January 7, 1893, set

aside the order of arrest, and on the same day ren-
dered judgment against Hubbard upon the amended
petition for $1365.22 and costs.

The plaintiffs bring the case here for review, and
in their brief make the following specifications of
error :

1. The setting aside of the original judgment, of
date of January 11, 1892.

2. Vacating, on the sixth day of January, 1893, the
order of arrest.

3. The holding that the affidavit for the order of
arrest was not sufficient.

4. The holding that the amended petition did not
relate back to the date of filing of the original petition.

When the plaintiffs filed their amended petition, on
May 18, 1892, they waived any irregularity or error
that may have occurred prior to that
time. *Garanflo v. Cooley*, 33 Kan. 137. It
is therefore not necessary to determine whether the
court erred in setting aside the original judgment, ren-
dered on January 11, 1892, because, if such ruling was
erroneous, the error was waived by the filing of the
amended petition.

1. Errors waived.

Both parties devote considerable space in their
briefs to arguing the sufficiency and the insufficiency
of the original petition. We cannot see where it in
any wise affects this case. When the
amended petition was filed, it became
and must be treated as the original
petition. The summons, the order of arrest, and the
subsequent judgment, must each be considered the
same as if the amended petition had been filed at the
time the original petition was filed. No other service
of summons was necessary to obtain jurisdiction of
the person of the defendant, and the order of arrest

2. Amended
petition super-
sedes original.

882     Long Bros. v. Hubbard.

S. Dept.     Opinion.   Dennison, P. J.     6 Kan. App.

must stand or fall upon other grounds than the defects of the original petition.

We will now consider the ruling of the District Court in vacating the order of arrest. The court had the undoubted right to vacate or modify its judgments or orders at or after the term at which they were made. See sections 173, 174, 568 and 569 of the Code. The question is, therefore, Did the court err in vacating the order of arrest? If either the affidavit or the bond was insufficient, the clerk had no jurisdiction to issue the order of arrest, and it should be set aside.

*3. Affidavit or bond insufficient, order set aside.*

It is contended that the affidavit is insufficient for the reason that the provisions of section 114 relative to the agency of Haseltine were not complied with. The provisions of section 114, *supra,* do not apply to affidavits for an order of arrest. *Johnson v. McLaughlin,* 7 Kan. 359. Other objections are raised against the affidavit, but we think it was sufficient to give the clerk jurisdiction to issue the order of arrest.

*4. Section 114, Code.*

The bond required, before an order of arrest can be issued by the clerk, is set out in section 149 of the Civil Code, which reads as follows :

"The order of arrest shall not be issued by the clerk until there has been executed by one or more sufficient sureties of the plaintiff a written undertaking, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the arrest if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim stated in the affidavit."

A bond complying with the terms and conditions of this section is a prerequisite to the authority of the clerk to issue the order of arrest. If an order of arrest is issued by the clerk without such a bond, it is

the duty of the court to set it aside.   The bond issued in this case does not comply with the statute.   No sufficient surety has executed it.

Becoming surety upon undertakings is no part of the business of banks, and the unauthorized act of 5. **Bank cannot become surety.** Clark Gray, its president, in signing an undertaking for the bank, did not bind the bank in case of liability. *Rahn v. Bridge Manufactory*, 16 Kan. 277.

The court gave as a reason for vacating the order of arrest, that the affidavit was insufficient; but if its ruling is correct, it will not be set aside 6. **Decision correct, but wrong reason assigned.** because its reasons therefor are not correct.   It is contended by the counsel for the plaintiff in error that the court could not set aside the order of arrest, after judgment, and they cite us to section 103 of the Civil Code in support of this contention.   It must be remembered that the judgment rendered on January 11, 1892, was set aside on April 28, 1892, and there was no judgment against Hubbard until after the order of arrest was set aside on January 7, 1893, after which, judgment was rendered against him.

The judgment of the District Court is affirmed.