Ladd v. Nystol.

OLE E. LADD et al. v. MARY NYSTOL, as Administratrix, etc.

No. 12,142.   ( 64 Pac. 985.)

SYLLABUS BY THE COURT.

1. FRAUD—*Allegation of Facts.*   A mere general averment of fraud and illegality, without stating the facts upon which the charge is based, presents no issue, and is demurrable for insufficiency.

2. ———— *Insufficient Petition.*   Allegations of a petition quoted, and shown to be insufficient to constitute a charge of fraud.

3. PRACTICE, DISTRICT COURT—*Equity Jurisdiction.*   While the district courts, in virtue of their general equity powers, may nullify orders of final settlement made in the probate courts, yet they will not do so as to orders provisional and interlocutory in their nature, and which do not finally conclude the rights of the interested parties.

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed May 11, 1901.   Division one. Reversed.

*J. B. Clogston*, and *L. E. Clogston*, for plaintiffs in error.

*Hodgson & Hodgson*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : Ole E. Ladd was administrator of the estate of Hans Johnson, deceased. He was cited by the probate court to make final settlement of his trust. He filed his final report and gave notice of a time for making final settlement. November 30, 1892, an order for final settlement was made. It is not clear that that was the day for which settlement was notified. The court found the sum of $526 to be in the administrator's hands, and ordered distribution of it to be made to the heirs. February 13, 1893, Ladd procured the probate court to make an order setting aside the previous order of final settlement and allowing him to make such settlement anew. March 1, 1893, a second order of final settlement was made, and the balance remaining in the hands of the administrator adjudged to be only $134. In January, 1895, Mary Nystol, as administratrix of the estate of Bertha Nystol, deceased, one of the heirs of Hans Johnson, filed her petition in the district court to set aside the order of February 13, vacating the first order of final settlement, and also to set aside the second order of final settlement, and, in addition, for a money judgment for her distributive portion of the estate, upon the ground that such orders were procured by the fraud of Ladd, the administrator, and without notice to the heirs of Hans Johnson. A demurrer to the petition for insufficiency of facts was overruled, and from the order overruling it error has been prosecuted to this court.

If the allegations of the petition state a case of fraud the action can be maintained ; otherwise it cannot. The case of *Gafford, Guardian, v. Dickinson, Adm'r*, 37 Kan. 287, 15 Pac. 175, authorizes actions in equity in

the district court to annul orders of final settlement in the probate court, when fraudulently procured in that court.    However, the petition in this case did not state a case of fraud.    Assuming that the heirs of Hans Johnson were entitled to notice of the application for the orders complained of, the mere fact that they were not notified did not constitute fraud.    It was not averred in the petition that notice was fraudulently withheld from them.    The allegations of fraud in the petition as to the procurement of the order of February 13, vacating the first order of final settlement, were that the administrator, Ladd, stated in his application to the probate court to set aside such order of final settlement "that the final settlement made on the 30th day of November, 1892, had been made without any notice to him, and that he was not present when said final settlement was made, and that he had no knowledge whatever of the same; that the statements made in said pretended application were false and untrue; that in truth and in fact said Ladd knew that said final settlement was to be made on said date."    The allegations of fraud as to the procurement of the second order of final settlement, made March 1, 1893, were as follows: "That said Ole E. Ladd at that time imposed upon the court and filed an exorbitant bill for his services as administrator, to-wit, $625, and procured an order from said court allowing said sum; that in truth and in fact the services rendered by said Ladd as administrator of said estate were not of the value of $625, and were not worth to exceed $150, and this fact plaintiff can show by competent evidence."    Elsewhere in the petition it was averred as follows:    "That the pretended order made on the 13th day of February, 1893, setting aside the final settlement of November 30, 1892, and the pre-

tended judgment, order and supplemental settlement made on the 1st day of March, 1893, were obtained through the fraud of Ole E. Ladd, and were without warrant of law and contrary to law.'' Elsewhere in the petition it was also averred : ''That said pretended final settlement was obtained by said Ole E. Ladd through the false and fraudulent statements made as aforesaid by said Ole E. Ladd, and the same were made for the purpose of wronging, cheating and defrauding the heirs of said Hans Johnson, deceased.''

It will be observed that the last two of the above-quoted allegations of fraud were of the most general character. No specific facts and circumstances were stated in them, and therefore no issue was presented by such parts of the petition. The decisions are full to the effect that general averments of fraud and illegality, without stating the facts upon which the charges are based, present no issue, and evidence thereunder is not admissible. ( *The State, ex rel., v. Williams*, 39 Kan. 517, 18 Pac. 727 ; *K. P. & W. Rld. Co. v. Quinn*, 45 id. 477, 25 Pac. 1068; *Cohn et al. v. Goldman*, 76 N. Y. 284.)

It will be observed that the grounds of fraud stated in the petition to set aside the order of the probate court of February 13, 1893, vacating its previous order of final settlement were that Ladd had falsely claimed that such order of final settlement was made without notice to him. That order of February 13 was not an order of final settlement ; it was an order vacating an order of final settlement ; it was interlocutory in its nature ; it reopened the administration of the estate, and was not an adjudication which concluded anybody interested in the estate. It was not an order with the making of which equity has to concern itself, because, admitting it to have been

fraudulently procured, it concluded nothing.   It still remained for the administrator to prove the justness of his accounts, and for the heirs or other adverse parties to oppose their allowance.   It is enough for the district court to relieve a suitor in the probate court from that adverse and otherwise irremediable consequence which is involved in an order of final settlement fraudulently obtained, without interfering with the tentative and provisional orders made during the course of the administration.

It will be observed that the only specific allegation of fraud as to the procurement of the final order of settlement of March 1, 1893, was that the administrator "at that time imposed upon the court and filed an exorbitant bill for his services as administrator, to wit, $625, and procured an order from said court allowing him said sum," etc.   This is not an allegation of fraud. Fraud cannot be predicated of the mere procurement by order of court of an exaggerated sum for services rendered.   It will be observed that the petition did not allege that the administrator falsely claimed that he had performed services which in fact he had not performed, but it was only alleged that his charges for services were exorbitant in amount.

The petition utterly failed to state a cause of action. The judgment of the court below is reversed, with directions to sustain the demurrer.

SMITH, ELLIS, POLLOCK, JJ., concurring.