No. 31,199

LAURA GORSAGE and DEAN GORSAGE, *Appellees*, v. STEINMANN-MC-CORD & COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellants*.

(26 P. 2d 455.)

Opinion filed November 11, 1933.

*Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for the appellants.

*George H. West, P. W. Croker* and *Clarence A. Mott,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for fraud in the sale of bonds.

The petition alleged that defendant Steinmann-McCord & Company was a Missouri corporation authorized to carry on a general bond and stock-investment and security business and engaged in such business in Kansas, and that it, as principal, and the defendant Fidelity and Deposit Company of Maryland, as surety, executed and delivered a requisite broker's bond to comply with the laws of Kansas with reference to buying and selling securities within the state of Kansas (R. S. 1931 Supp. 17-1230); that on August 25, 1930, one Kuykendall, agent of Steinmann-McCord & Company, sold plaintiff a $1,000 Clyde Manor bond for $1,011.67, and on December 16, 1931, exchanged said Clyde Manor bond for an Edison Place Subdivision bond. The petition further recited:

"5. That the bonds above referred to, and particularly the bond described as Gold Bond M147, Edison Place Subdivision, were sold, exchanged and were purchased by plaintiffs solely upon the representations of the defendant Steinmann-McCord & Company, its officer, agent, servant and employee, C. L. Kuykendall, as to the value of said bonds and as to the value and extent of the property securing said bonds; that such representations as to the value of such bonds and as to the value and extent of the property securing said bonds were fraudulently and deceitfully made by the defendant Steinmann-McCord & Company, its officer, agent, servant and employee, C. L. Kuykendall, and that plaintiffs were unaware of such fraud, deceit and misrepresentation at the time such bonds aforesaid were purchased and exchanged."

Paragraph 6 of the petition charged that such bonds were sold to plaintiff without having been registered as provided by the laws of Kansas, and paragraph 7 recited:

"7. That the herein described Edison Place Subdivision Gold Bond, a copy of which is attached hereto, is worthless and without value, and that by reason of the fraud, deceit and misrepresentations of the defendant Steinmann-McCord & Company, and of the failure of said company to register said bond and alleged security with the commissioner of banking, as provided by law, plaintiffs have been damaged in the sum of $1,011.67."

Defendant Fidelity and Deposit Company filed a motion, which may be stated briefly to have been in the alternative, to strike out certain words for the reason they were conclusions and not statements of facts, or to compel the plaintiff to set out specifically what representations Steinmann-McCord & Company or its agents made

to plaintiff in connection with the sale and exchange of the bonds. So far as pertains to this appeal, the motion was denied. The Fidelity and Deposit Company then filed a general demurrer, which the court overruled, from which ruling the company appealed.

An examination of the petition shows that plaintiffs seek to recover damages for fraud, and the only question presented by the appeal is the sufficiency of the allegations to charge fraud.

The general rule with respect to pleading fraud is stated in 12 R. C. L. 416 as follows:

"Ordinarily, fraud must be alleged not only specially but specifically. It is not sufficient to allege fraud in general terms, such an allegation being considered to be of a mere conclusion which the pleader is not permitted to draw, but which, so far as concerns the pleading, is a matter for the court to determine from the facts alleged. . . ."

In *La Harpe Farmers Union v. United States F. & G. Co.*, 134 Kan. 826, 8 P. 2d 354, the third paragraph of the syllabus recites:

"Where a recovery is sought upon grounds of fraud, dishonesty or illegality, the specific facts constituting such fraud, dishonesty or illegality must be set forth in the pleading. A mere general averment that such grounds exist without stating the particular facts upon which the charge is based does not state a cause of action."

And in the opinion it was said:

"Aside from the defect as to notice there is a manifest lack of particulars in the petition of facts which would constitute a sufficient charge of fraud and dishonesty. The defendant only bound itself to pay plaintiff for losses sustained by acts of fraud, dishonesty, theft, forgery, embezzlement, wrongful abstraction or willful misapplication committed by the employee. The charge made against Roberts in the petition is that he made untrue reports of the business done, and is only the equivalent of a charge that plaintiff had been defrauded by fraudulent representations. Wherein the reports were fraudulent so as to cause plaintiff to suffer a pecuniary loss is not stated. Did he make false entries in the books as to goods purchased or as to goods sold, or did he wrongfully make false entries of expenses incurred or fail to enter all the expenses in the books that were incurred and payable? This question is not answered by the reports or the allegations in the petition. It is not enough to employ epithets or general averments of fraud, but the particular facts constituting the fraud must be set out to make a good pleading. In *State, ex rel., v. Williams*, 39 Kan. 517, 18 Pac. 727, it was said:

"'Where fraud and illegality are charged as grounds for the cancellation of a contract, the specific facts constituting the fraud and illegality must be set forth. A mere general averment of fraud and illegality, without stating the facts on which the charge is based, presents no issue, and no proof is admissible thereunder.' (Syl. ¶ 1.)

"In *Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985, the same rule was announced, and in the opinion it was said:

" 'It will be observed that the last two of the above-quoted allegations of fraud were of the most general character. No specific facts and circumstances were stated in them, and therefore no issue was presented by such parts of the petition. The decisions are full to the effect that general averments of fraud and illegality, without stating the facts upon which the charges are based, present no issue, and evidence thereunder is not admissible.'

"See, also, *Houser v. Smith,* 80 Kan. 260, 101 Pac. 1001; *Dowell v. Railway Co.,* 83 Kan. 562, 568, 112 Pac. 136; *Gundelfinger v. Thiele,* 133 Kan. 31, 298 Pac. 769." (p. 830.)

Appellees urge in support of the lower court's ruling that they have alleged the elements of fraud, and that were they to plead more they would be pleading evidence and not ultimate facts, and cite decisions affirming the rule that one should plead his facts and not his evidence. Among these decisions is *Circle v. Potter,* 83 Kan. 363, 111 Pac. 479. An examination of the opinion shows, however, that the facts relied on as constituting fraud were pleaded.

The allegations of the petition charging fraud were that the bonds were sold by Steinmann-McCord & Company and were purchased by plaintiff upon representations as to the value of the bonds and the value and extent of the property securing the bonds. Testing these allegations by the above authorities, it must be held that there is such a lack of definite statements of fact that what is said is merely the pleader's conclusion and, therefore, the allegations are insufficient. The demurrer should have been sustained.

The cause is reversed and remanded with instructions to sustain the appellant's demurrer.

HUTCHISON, J., not sitting.