No. 38,889

W. A. LAWELLIN, as Administrator of the Estate of Ralph H. Williams, Deceased, *Appellee*, v. SADIE EAKINS, *Appellant*.

(255 P. 2d 615)

Opinion filed April 11, 1953.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for the appellant.

*Willis K. Dillenberger,* of Oswego, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action commenced in the district court by the administrator of a decedent's estate, to recover certain personal property allegedly owned by the decedent and wrongfully obtained from him by the defendant. Defendant's demurrer to the plaintiff's second amended petition was overruled and she appeals. Hereafter the plaintiff will be referred to as appellee and defendant as appellant.

After the original petition was filed appellant filed her motion that it be made more definite and certain. This motion was denied but appellee filed an amended petition containing the same allegations as his first petition and alleging grounds for injunctive relief not included in the first petition. The matter of injunctive relief is not involved in the appeal and will not be noticed further. Appellant filed her motion that the amended petition be made definite and certain. On hearing thereof, the appellee confessed one ground and the motion was otherwise denied. Appellee then filed his second amended petition to which appellant demurred, and that demurrer being overruled, the appeal to this court followed.

In reviewing the second amended petition, usually referred to hereafter as the petition, we shall summarize many of the allegations and shall omit many of the adjectives and adverbs used in describing conditions and actions. The petition purports to state two causes of action. The first cause deals with three bank accounts and some United States savings bonds, while the second cause deals with real estate. After alleging that Ralph H. Williams died intestate on November 14, 1951, and that appellee was appointed as administrator of his estate, it was alleged that at the time of his

death Williams had on deposit in the Labette County State Bank, at Altamont, the sum of $2,391.19; that Williams, during his lifetime, employed appellant as his housekeeper and that in June or July of 1949 he became ill and spent considerable time in two named hospitals, and remained in a weakened and impaired condition of mind and body from that date until his death; that after he was in the hospitals appellant, knowing his condition of health and mind and that he was mentally unfit to transact business, for the purpose of taking advantage of him and securing possession of the bank account, persuaded him that his heirs at law were attempting to get his money and property; that she made frequent threats to leave him, all of which were false and with the intention to deceive him and take advantage of him, and that he relied upon such persuasions and inducements and on or about May 1, 1950, caused the bank account to be transferred to a joint bank account with appellant with the right of survivorship; that on November 16, 1951, appellant withdrew from the joint account in the above named bank the sum of $2,391.19, being the total sum on deposit at the death of Williams. It was next alleged that Williams had a savings account of $4,529.11 and a checking account of $1,413.27 in the American State Bank at Oswego, and after repeating allegations as to Williams's condition and appellant's actions like unto those heretofore reviewed, alleged that he was persuaded and induced to transfer the two accounts to joint accounts with appellant, with right of survivorship, and that on November 16, 1951, she withdrew from the joint accounts in said bank the sum of $5,942.38 being the entire balances remaining in the bank at the death of Williams. The concluding part of the first cause of action charges that appellant persuaded Williams to purchase United States savings bonds registered in their names as joint tenants and that she retains the bonds and refuses to deliver them to the administrator. The second cause of action makes part thereof the allegations charging the appellant with misconduct and alleges that on April 1, 1951, she persuaded Williams to purchase with his own funds a tract of real estate in the city of Oswego, the title being taken in the name of Williams and the appellant as joint tenants. Without detailing it, the prayer was for a money judgment, for an order that appellant deliver the United States savings bonds and that appellant be decreed to have no interest in the real estate.

Appellant argues that her motions to make definite and certain,

directed against the original and first amended petitions, having been successfully resisted, the second amended petition is subject to strict construction, citing *Sullivan v. Paramount Film Distributing Co.*, 164 Kan. 125, 187 P. 2d 360, cases cited therein and others. Appellee answers that an amended petition becomes and must be treated as the original petition, citing *Long Bros. v. Hubbard*, 6 Kan. App. 878, 50 Pac. 968, and *Garanflo v. Cooley*, 33 Kan. 137, 5 Pac. 766, and, as no motion was directed against the second amended petition, it is to be liberally construed. In *Fullington v. Goodrich*, 169 Kan. 11, 216 P. 2d 817, where a motion was directed against an original petition, and the amended petition, which was not motioned was, as here, substantially like the first, and it was contended the motion against the first petition had spent its force, it was said:

"Plaintiff argues that the rule has no application here for the reason that no motion to make more definite and certain was leveled at the amended petition, but defendant counters with the argument that since the trial court had already overruled his motion filed against the original petition it would have been a futile and useless gesture to file an identical motion against the amended petition. With respect to this point we agree with defendant and concede that for purposes of the demurrer in question the amended petition should be strictly construed." (1. c. 13.)

See also *Donie v. Associated Co., Inc.*, 173 Kan. 753, 252 P. 2d 609. In our opinion, in view of the fact that the allegations were alike in all of the petitions the motions directed against the original and first amended petition are to be considered when determining whether the allegations of the second amended petition are subject to liberal or strict construction. In *Powell v. Powell*, 172 Kan. 267, 239 P. 2d 974, it was held:

"The general rule that where a pleading is motioned in order to have it made definite and certain and the motion is successfully resisted the pleading thereafter will be strictly construed against the pleader when challenged by a general demurrer is not applicable to a pleading, or a portion thereof, not vulnerable to such a motion, which is properly overruled." (Syl. ¶ 1.)

And the question remains whether the motion to make definite should have been sustained. No purpose will be served by taking up the two motions and considering *seriatim* the separate paragraphs thereof. A careful examination thereof discloses that appellant sought only to have the appellee set out the details making up the ultimate facts alleged. In our opinion the petition advised the appellant fully of appellee's claim and the relief which he sought. See *Preston v. Shields*, 159 Kan. 575, 156 P. 2d 543. The real ques-

tion is whether the ultimate facts alleged were sufficient to charge the appellant with obtaining by fraud the property appellee seeks to recover.

The gist of appellant's argument is that the allegations of fraud are only general allegations without any specific facts or circumstances being alleged and our attention is directed to *Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985; *Gorsage v. Steinmann-McCord & Co.,* 138 Kan. 400, 26 P. 2d 455; *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 89 P. 2d 847; and *Browning v. Blair,* 169 Kan. 139, 218 P. 2d 233; which support the rule that mere general allegations of fraud, or the repetitious use of the words "fraud," "conspiracy" and the like, constitute only conclusions and are insufficient to withstand a demurrer unless there be pleaded some specific act for which one person is in law responsible to another. Many other cases wherein the rule is stated and where sufficiency of a pleading was determined may be found in West's Kan. Dig., Fraud, § 41, *et seq.,* and Hatcher's Kan. Dig. (Rev. Ed.), Fraud and Deceit, § 34, *et seq.*

In discussing the allegations of the petition it is unnecessary to take up separately the claims as to the bank accounts, the United States bonds and the real estate, for the pleading is substantially the same with respect to each of them. We shall limit our discussion to the Labette County State Bank account. Although we have heretofore reviewed the petition, very summarily stated and ignoring adjectives and adverbs used, it was alleged that Williams, who had the account in his name, was taken ill, went to the hospital where he spent considerable time and became weakened in mind and body; that after he went to the hospital, the appellant who was in his employ and who knew his mental and physical condition and that he was unfit mentally to transact business represented to him that his heirs were attempting to get his money and threatened to leave his employ, all with the intention to deceive him; that he relied thereon and transferred his account to a joint account with appellant, with a right of survivorship, and that two days after his death, as such survivor she withdrew the funds in the account. In our opinion these allegations, whether liberally or strictly construed, state with particularity the status of the account, its ownership by Williams, the representations and acts of appellant to procure the account, the reliance of Williams on her representations and acts, and that the joint account was created as a result of which she obtained the proceeds of the account. We think it may not be

said the petition alleges only generalities and conclusions, but, to the contrary, that there is a sufficient allegation of ultimate facts concerning the fact Williams had a bank account; that he became ill mentally and physically; that representations of appellant as to the attitude of his heirs were stated; that appellant threatened to leave his employ; that Williams acted upon such representations and threat; that the same were false and he was induced by the false representations and threat to change his bank account to a joint account with appellant, to her advantage and to the detriment of himself and his estate. The very cases relied upon by the appellant disclose the allegations were sufficient to charge her with fraud and deceit. Whether appellee can prove his allegations is not a matter with which we are presently concerned. As to the United States savings bonds compare *Lemon v. Foulston,* 169 Kan. 372, 219 P. 2d 388.

In our opinion the trial court did not err in overruling the demurrer to the second amended petition and its judgment is affirmed.