No. 39,637

ROGER CALE, by and through Hilda Cale, his mother and next friend, *Appellant*, v. CARL JOHNSON, d/b/a Cejay Stadium, *Appellee*.

(280 P. 2d 588)

Opinion filed March 5, 1955.

*Carl L. Buck*, of Wichita, argued the cause, and *Ralph E. Gilchrist*, of Wichita, was with him on the briefs for the appellant.

*Daniel M. Moyer*, of Wichita, argued the cause, and *Franklin Hiebert*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for damages brought by plaintiff, a minor of the age of eighteen years, by and through his mother and next friend, for injury to his right eye, sustained while in attendance at a stock car race at a stadium owned and operated by defendant. The appeal is from an order and judgment sustaining defendant's demurrer to plaintiff's second amended petition.

Plaintiff commenced the action in the district court of Sedgwick County on August 24, 1953, by the filing of a petition. Against this pleading defendant leveled a motion to make definite and certain and a motion to strike. The first of these motions was sustained

in part and overruled in part, and the second was overruled in its entirety.

Plaintiff then filed an amended petition to which defendant demurred on the grounds it failed to state facts sufficient to constitute a cause of action. The trial court sustained this demurrer and gave plaintiff thirty days in which to amend. Thereafter plaintiff filed a second amended petition.

Paragraphs 1 and 2 of plaintiff's second amended petition allege in substance that defendant Carl Johnson was the owner and operator of Cejay Stadium, a place of amusement and entertainment which was open to the public upon payment of admission price, the principal entertainment offered to the public being that of hot rod car races and stock car races; and that on July 4, 1952, automobile races were being held in the stadium operated by defendant to which the public was invited for a stated price of admission.

Paragraphs 3, 4 and 5 of such pleading will be quoted. They read:

"3. That on the evening of July 4, 1952, the plaintiff paid the required admission to enter said Cejay Stadium, which admission was accepted by said defendant, and at the direction of the agents, servants and employees of the defendant this plaintiff did go to the area provided by the defendant for the paying customers and spectators. That while this plaintiff was viewing said entertainment which was being offered to the patrons under the direction and control of said defendant, he was severely injured, through the negligent and careless manner by which defendant maintained and operated said stadium, track and automobiles.

"4. That this plaintiff was struck in the right eye by a rock or other hard substance thrown by the wheel of an automobile which was participating in the races, causing a severe and permanent injury to the eye of this plaintiff.

"5. That the defendant was guilty of the following acts of negligence which were the immediate and proximate cause of the injuries received by this plaintiff.

"(a) Failure to maintain a safe place from which this plaintiff could view said races.

"(b) Failure to have the track cleared of debris, rocks or other hard substances which could be picked up by the tires of the automobiles participating in the race and thrown into the spectators and more particularly hitting this plaintiff in the eye.

"(c) Failure to require the owners of the automobiles participating in said races to have the same equipped with proper guards to deflect any foreign matter such as mud, rocks or hard substances on the track which might be picked up and thrown by the tires of said automobiles and thrown against this plaintiff.

"(d) Failure to warn this plaintiff that the area provided for him as a

patron or guest was dangerous and that injuries might result to the plaintiff during the course of the races."

The remainder of the pleading now under consideration deals with the extent of the injuries sustained and the amount of damages sustained and is not directly involved, hence the allegations thereof require no further attention.

Following the filing of the second amended petition defendant moved to make that pleading more definite and certain. In substance the pertinent portions of such motion are: (1) That plaintiff should specify the exact area to which he went after paying the admission price, defendant contending that if plaintiff took a seat in the reviewing stands that fact should be so stated, or if he viewed the races standing or sitting in some place other than the reviewing stands, then he should so state; (2) that plaintiff should state the exact type of the object which he claimed was thrown from the race track and hit him in the eye, or if the object was actually a part of an automobile which had become detached and then thrown that fact should have been stated; and (3) that plaintiff should have alleged whether defendant knew or should have known the object which caused his injuries was lying on the track or, if it were claimed to be an object which had become detached from an automobile at sometime measurably prior to the accident, whether defendant knew or should have known of its presence on such track. When the motion last mentioned was successfully resisted and overruled in its entirety defendant filed a demurrer to the second amended petition on grounds it failed to state facts sufficient to constitute a cause of action. This demurrer was sustained. Thereupon plaintiff perfected the instant appeal.

Before examining the allegations of the second amended petition we are confronted, in view of contentions advanced by appellee, with the question whether the rule of strict construction is applicable. This court has held that such rule has no application where a pleading, or such portion thereof as is attacked by a motion to make definite and certain, is sufficient and the motion is properly overruled. (See *Donie v. Associated Co., Inc.*, 176 Kan. 95, 100, 268 P. 2d 927; *Powell v. Powell*, 172 Kan. 267, 239 P. 2d 974; *Lawellin, Admr. v. Eakins*, 174 Kan. 319, 255 P. 2d 615; *Morris v. Dines Mining Co.*, 174 Kan. 216, 256 P. 2d 129; *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 174 Kan. 498, 256 P. 2d 872.) On the other hand there can be no question that where a

plaintiff has successfully resisted a meritorious motion to make a petition more definite and certain that pleading is to be strictly construed. See, e. g., *Kinderknecht v. Hensley*, 160 Kan. 637, 164 P. 2d 105; *Snyder v. McDowell*, 166 Kan. 624, 203 P. 2d 225; *Snyder v. Haas*, 175 Kan. 846, 267 P. 2d 467; and cases cited in Hatcher's Kansas Digest (Rev. Ed.), Pleading, §§ 33, 35; West's Kansas Digest, Pleading, § 34(4).

Analysis of the second amended petition in its entirety leads to the conclusion that the motion to make definite and certain was meritorious, at least to the extent appellant should have alleged in more particular what struck him, where it originated, and whether appellee knew or should have known by the exercise of reasonable care such object was lying on the track, either sometime prior to the accident or had become disengaged from a car and negligently or carelessly permitted to remain there. Moreover, in view of the fact such motion made it clear appellee was trying to find out the exact location of appellant at the time of the accident, including whether he was seated in the viewing stands or of his own volition standing elsewhere in the stadium in a place of danger, it would seem the allegation appellant went to the area provided by appellee for paying customers was too general and should have been made more definite and certain.

Digressing for the moment it may be said the general rule as to the liability of an owner or operator of a place of public amusement to patrons, and governing a situation such as is here involved, is well-established in this jurisdiction. For one of our more outstanding decisions, and certainly the one closest in point from the standpoint of the type of the place of amusement here in question, see *Klish v. Alaskan Amusement Co.*, 153 Kan. 93, 109 P. 2d 75, which holds:

"While the proprietor of a place of public amusement is held to a stricter accountability for injury to patrons than owners of private premises generally, the rule is that he is not an insurer of the patrons, but owes them only what, under the particular circumstances, is ordinary and reasonable care." (Syl. ¶ 1.)

See, also, our later decision of *Hickey v. Fox-Ozark Theatres Corp.*, 156 Kan. 137, 131 P. 2d 671, where it is held:

"Proprietors of places of public entertainment or amusement are not insurers of their patrons, against injury, but are only chargeable with such care as is reasonable under the circumstances." (Syl. ¶ 1.)

We know of and are cited to no Kansas cases dealing expressly

with the subject of liability of an owner or operator of an automobile race track for injury to his patron and there is no occasion here to write a thesis on the subject. However, it has been dealt with elsewhere on many occasions. For a recent annotation on the subject see 37 A. L. R. 2d. 391, 393, where numerous cases are cited and the following statement appears:

"It is a general rule that the owner or operator of an automobile race track is charged with the duty of exercising reasonable care, under the circumstances present, for the safety of spectators, or that care commensurate with the known or reasonably foreseeable danger."

See, also, 52 Am. Jur., Theaters, Shows, Exhibitions, Etc., 313 § 69, where the rule is stated in the following manner:

"It is the duty of persons conducting a racing exhibition to keep the race track and adjacent premises to which patrons are invited reasonably safe and free from dangers which are likely to arise during or in consequence of the races; but they are not liable where injuries result from unavoidable accidents, or where such persons are not shown to have been negligent in any respect which proximately caused the injuries. . ."

Also 61 C. J. S., Motor Vehicles, 682 § 577, where it is stated thus:

"One who invites the public to attend a race between motor vehicles and charges an admission fee is bound to exercise reasonable care to make the place provided for spectators reasonably safe, but, although a spectator is injured, no liability may be imposed on the persons conducting the races, in the absence of a showing of negligence on their part."

Other statements of interest dealing with places of amusement generally may be found in 86 C. J. S., Theaters & Shows, 716 § 39(b), which reads:

"One who collects a large number of people for gain or profit must be vigilant to protect them, and if the proprietor of a place of public amusement neglects his duty to use ordinary or reasonable care to put and keep the premises, appliances, and amusement devices in reasonably safe condition, ignorance of the fact that they are unsafe does not in any way affect his liability for injuries resulting from such conditions. However, this duty of active vigilance does not mean that an opportunity to discover and remedy the wrong is not to be afforded to the proprietor of a place of amusement before he is to be held liable. If, without action for which a proprietor is responsible, a dangerous condition arises, he is allowed a reasonable time to become informed of the danger and to take measures to remedy it, and, where the defect causing the injury was not known to the proprietor and could not have been discovered by him in the exercise of reasonable or ordinary care, he will not be liable. Knowledge, either actual or constructive, is essential to impose liability. . ."

And page 729 § 42(b), of the same volume, where it is said:

". . . The owner or proprietor of a place of amusement owes a duty to

protect his patrons from risks other than those normally incident to the amusement, but he is not bound to protect patrons against obvious risks necessarily incidental to the particular amusement, also he is not bound to guard against a contingency created by the patron's violation of rules governing the use of the device. . ."

From the foregoing authorities it becomes apparent the rule in this state, as well as that supported by the great weight of authority, requires that a plaintiff plead something more than the mere fact he sustained injury from debris or other substances thrown from the wheels of automobiles engaged in a public racing exhibition on a race track in order to state a cause of action against the owner or operator of a stadium offering entertainment of that character to the public for a fixed admission price. In other words a plaintiff who seeks to recover for injuries sustained under such conditions on the basis of negligence must plead facts showing that such injuries were received by reason of failure of the owner or operator to exercise ordinary and reasonable care under the existing conditions and circumstances, otherwise his petition fails to state a cause of action.

Moreover, it must be remembered the established rule in negligence actions in this jurisdiction is that while general allegations in the form of bare conclusions suffice as against a demurrer when not challenged by a motion to make definite and certain those allegations are not sufficient when previously so challenged. See *Munger v. Beiderwell,* 155 Kan. 187, 188, 124 P. 2d 452, and cases there cited. Also *Knight v. Hackett,* 149 Kan. 492, 87 P. 2d 505.

Having established principles to be applied in construing its sufficiency we turn again to the second amended petition. When strictly construed and stripped of general allegations in the nature of naked conclusions respecting negligence, as it must be in view of the motions leveled against it, we are convinced and therefore constrained to hold it fails to allege any specific facts showing that the unfortunate accident resulting in the appellant's injury was due to failure on the part of appellee to exercise the ordinary and reasonable care required of him under our decisions in maintaining or operating the race track in question. It necessarily follows the trial court did not err in sustaining the demurrer to such pleading on the ground it failed to state facts sufficient to constitute a cause of action and we so hold.

The judgment is affirmed.