No. 40,415

CLARENCE C. VITT, *Appellee*, v. McDOWELL MOTORS, INC., *Appellant*.

(308 P. 2d 115)

Opinion filed March 9, 1957.

*Elmer W. Columbia, John B. Markham* and *Herman W. Smith, Jr.,* all of Parsons, were on the briefs for the appellant.

*J. Logan Shuss,* of Parsons, was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries sustained by plaintiff, a business invitee, as a result of an explosion in defendant's garage. Defendant's demurrer to the second amended petition (hereafter referred to as the petition) was overruled, and it has appealed.

The question involved is whether the petition states facts sufficient to constitute a cause of action. From its allegations the following appear to be the facts:

Defendant was engaged in operating and maintaining a public garage and automobile dealership in the city of Parsons to which the general public was invited to come and transact business, and, as such, it was defendant's duty to furnish its customers and patrons with reasonably safe buildings, equipment and appurtenances, so as to avoid injuring those who came to transact business. Plaintiff was a farmer living near Walnut, and was invited by one Reynolds, an agent, employee and salesman of defendant, to come to defendant's garage for the purpose of inspecting and bartering relative to a trade of automobiles. Paragraph 6 of the petition then alleges:

"6. That pursuant to said invitation of the corporate defendant and on July 1, 1954, C. C. Vitt proceeded to the place of business and at the direction of the said Ralph Reynolds acting in the course and scope of his employment went into the public garage of the corporate defendant at about 4:00 o'clock

p. m. and while C. C. Vitt, Ralph Reynolds and one other employee, whose name is unknown to C. C. Vitt, were engaged in inspecting and testing plaintiff's automobile the corporate defendant acting by and through its officers, agents, and employees, the names of said officers, agents and employees being unknown to plaintiff but well known to defendant, being then engaged in the operation and maintenance of said repair shop in the course and scope of their employment and under the corporate defendant's control suddenly, negligently, carelessly, heedlessly, and in violation of its duty without any warning having been given to C. C. Vitt caused and permitted an explosion to occur within the repair shop, the exact nature of said explosive being unknown to plaintiff but peculiarly within the knowledge of defendant, in a sudden and violent manner directly and proximately causing severe and permanent damages to the eyes, head, face, neck, shoulders and spine of C. C. Vitt while he was standing in the place authorized and designated by the said Ralph Reynolds."

In paragraph 7 it is alleged that plaintiff's injuries were the result of and proximately caused by defendant, acting by and through its officers, agents and employees in the course and scope of their employment, in the following particulars: ($a$) Failure to operate and maintain its premises in a reasonably safe condition; ($b$) in employing and retaining in its employ reckless, careless and negligent agents, servants and employees, such fact being known to defendant; ($c$) keeping and permitting dangerous explosives within the repair shop, not necessary for the operation of the business; ($d$) in failing properly to supervise and instruct its agents, servants and employees in the proper care and disposition of explosives in order to avoid injury to customers; ($e$) in failing properly to supervise and instruct its agents, servants and employees as to the proper and safe method of operating the place of business; ($f$) in failing properly to instruct, supervise and control its servants and employees as to the safe and proper method of conducting themselves within the garage so as to avoid injuring customers and invitees; ($g$) in failing to stop or restrain dangerous boisterousness and horseplay on the part of its employees; ($h$) in failing to protect plaintiff from the dangerous conditions which defendant well knew to exist at the time and place in question; ($i$) in failing to protect plaintiff from an assault by a servant or employee; ($j$) in failing to warn plaintiff of the dangerous conditions existing within the place of business, which were unknown to plaintiff but which were, or should have been, known to defendant; ($k$) in permitting the discharge of a dangerous explosive within the garage; ($l$) in discharging an explosive within the garage, which was then occupied by customers

and invitees, when the natural and probable consequences of such act would be injury to someone; (*m*) in violating the provisions of an ordinance of the city of Parsons which prohibited smoking in a public garage such as defendant's, and (*n*) in violating a city ordinance relating to the keeping, storing, selling or discharge of unapproved fireworks.

It is further alleged in paragraph 9 that defendant, acting by and through its principal officer, orally admitted its liability for plaintiff's injuries immediately after they were sustained by stating to plaintiff that defendant would pay plaintiff's hospital and medical expenses, but that it has failed to do so, and that plaintiff had received nothing to compensate him for his pain, suffering and injuries.

The remainder of the petition is taken up with allegations concerning plaintiff's injuries, his loss of time and earnings, and allegations concerning medical expenses and damages sustained by him. Copies of the two city ordinances referred to are attached to the petition as exhibits.

Defendant's motion to make certain portions of the petition more definite and certain was overruled, as was its motion to strike all of paragraphs 7 and 9, and each of those rulings, together with the ruling on the demurrer, is specified as error.

We mention briefly the motion to make more definite and certain. By this it was sought to compel plaintiff to state more in detail facts concerning the alleged dangerous and unsafe premises, errors of omission and commission on the part of defendant's employees, facts concerning the explosion as set out in paragraph 6, facts concerning specific acts of negligence enumerated in paragraph 7, and to elaborate on the allegations in paragraph 9 relating to the alleged admission of liability by defendant.

Aside from the fact that ordinarily such a motion is addressed to the sound discretion of the trial court and a ruling thereon will not be disturbed in the absence of a clear showing of abuse of discretion (*Clark v. Meyers*, 173 Kan. 96, 244 P. 2d 217), or unless the record makes it clearly appear such ruling was so erroneous as to result in prejudice to defendant's substantial rights (*Smith v. Wright*, 180 Kan. 584, 588, 305 P. 2d 810), we think it may not be said the motion was improperly overruled. Paragraph 6 of the petition sufficiently apprises defendant of what plaintiff claims happened in the garage, and paragraph 7 enumerates fourteen specific

acts of negligence charged to defendant. Paragraph 9 states the facts relied upon as constituting an admission of liability by defendant. One attempting to state a cause of action in a case of this kind is not compelled to plead the evidence by which he intends to prove the allegations of his petition. The motion to make more definite and certain was properly overruled, and the same is true of the motion to strike, which was directed at paragraphs 7 and 9 of the petition in their entirety.

The question then remains—does the petition allege facts sufficient to constitute a cause of action?

The parties devote considerable space in their briefs to a discussion of the rule pertaining to a liberal or strict construction of a petition as against demurrer following the overruling of a motion to make such pleading more definite and certain. Despite the fact that perhaps some loose or ill-chosen language on the subject inadvertently appears in a number of our decisions, the established rule is as follows:

G. S. 1949, 60-704, provides that a petition must contain a statement of the facts constituting the cause of action in ordinary and concise language, without repetition, and a demand of the relief to which the plaintiff supposes himself entitled. In other words, the function of a petition is to advise defendant precisely what plaintiff claims against him. In the determination whether a petition is sufficient in this respect, we are to be guided by G. S. 1949, 60-736, which provides that in the construction of any pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties. If the allegations of a petition, liberally construed, fail to meet the test of 60-704, the function of a motion to make more definite and certain is to require plaintiff to supply the defect. In the event such motion is successfully resisted by plaintiff, then the petition, if later attacked by demurrer, is to be construed strictly against plaintiff. If the motion is sustained and plaintiff complies, the petition is to be liberally construed. On the other hand, if a petition is sufficient to comply with 60-704, a motion to make it more definite and certain lacks merit, and the rule of strict construction does not apply following the overruling of such motion. The sum and substance, then, of what has been said, is that it is *only* when a *meritorious* motion to make a petition more definite and certain is *overruled* that the rule of strict construction applies when the petition is subsequently at-

tacked by demurrer. (*Cale v. Johnson*, 177 Kan. 576, 578, 579, 280 P. 2d 588.)

Here the motion to make more definite and certain was un-meritorious and was properly overruled. The petition, therefore, is entitled to a liberal construction in favor of plaintiff.

In support of its demurrer, defendant's principal contention is that the petition is utterly devoid of allegations of *fact* relating to negligence, and that the most that can be said for the petition is that it merely alleges an explosion took place and plaintiff was injured. In connection with this argument our attention is directed to a number of decisions, and particularly to *Kinderknecht v. Hensley*, 160 Kan. 637, 164 P. 2d 105; *Emigh v. Andrews*, 164 Kan. 732, 191 P. 2d 901; *Snyder v. McDowell*, 166 Kan. 624, 203 P. 2d 225, and *Cale v. Johnson*, 177 Kan. 576, 280 P. 2d 588, each of which involved the sufficiency of a petition to state a cause of action for damages.

We think that each of those cases is distinguishable from the one before us.

In the Kinderknecht case it was said that when stripped of general allegations in the nature of naked conclusions, the petition simply stated that defendant ignited gas fumes in the basement of plaintiff's premises causing a violent explosion, and that such statement of fact, standing alone, did not charge that defendant was guilty of any negligent act or omission.

In the Emigh case the petition alleged that plaintiffs had not been informed and therefore could not allege the specific act or acts of negligence of defendant or his employees which caused the fire, but that the negligence of defendant or his employees was the proximate cause thereof.

In the Snyder case, which was an action to recover for injuries sustained when a portion of a ceiling fell on plaintiff, the opinion discloses that plaintiff did not plead that defendants, or any of them, committed any act which violated any duty owed to her; that she did not plead the omission by them to perform some act, performance of which would have prevented the injury; that she did not plead any circumstances that, related one to the other, established any reasonable conclusion that any act or omission on the part of defendants, or any of them, resulted in plaintiff's injuries, and failed to plead any other fact pinning negligence on defendants.

In the Gale case the opinion discloses that the petition in question failed to allege any specific facts showing that plaintiff's injury was due to failure on the part of defendant to exercise the ordinary and reasonable care required of him under the circumstances.

In view of all the facts and circumstances alleged, and giving the petition the liberal construction to which it is entitled, we are unable to say that it fails to advise defendant of the precise charges of negligence relied upon and that it fails to state a cause of action. Paragraph 6 of the petition has been set out in full, and the contents of paragraph 7, setting out fourteen specific acts of negligence, have been summarized. There is no occasion to repeat them.

Defendant's demurrer to the petition was properly overruled and the judgment is affirmed.